———

PENDLETON (VAN HOOK v.). See Cases Nos. 16,851 and 16,852.

PENELOPE, The. See Case No. 16,946.

PENELOPE, The (LAMAR v.). See Case No. 8,007.

PENELOPE, The (LOCKE v.). See Case No. 16,946.

PENELOPE, The (McQUIRK v.). See Case No. 8,925.

PENELOPE, The (UNITED STATES v.). See Case No. 16,024.

PENELOPE, The (VINCENT v.). See Case No. 16,946.

———

## Case No. 10,925.

### PENHALLOW v. DOANE.

[See 3 Dall. (3 U. S.) 54.]

———

## Case No. 10,926.

### In re PENN et al.

[4 Ben. 99; [1] 3 N. B. R. 582 (Quarto, 145).]

District Court, S. D. New York. March, 1870.

PRACTICE—JURISDICTION—DISCHARGE.

1. Where creditors of involuntary bankrupts applied to set aside the adjudication of bankruptcy, on the ground that the court had no jurisdiction to make it, by reason of the absence of certain jurisdictional averments in the petition, the bankrupts opposing the application: *Held,* that the question of jurisdiction could not be raised at this stage, or in this way.

2. The creditors could oppose the application of the bankrupts for discharges, on the ground that the court had no jurisdiction of the case, if they saw fit.

[Cited in Re Groome, 1 Fed. 468; Allen v. Thompson, 10 Fed. 124.]

3. A discharge granted without jurisdiction is void.

[In the matter of John R. Penn, Charles V. Culver, and Lucien H. Culver, bankrupts.]

R. Sewell and A. B. McCalmont, for creditors.

F. N. Bangs and L. K. Miller, for bankrupts.

_____

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

———

## Case No. 10,927.

### In re PENN et al.

[5 Ben. 89; 5 N. B. R. 30; 3 Chi. Leg. News, 225.] [1]

District Court, S. D. New York. April 6, 1871.

JURISDICTION—BANKRUPTCY OF PARTNERSHIP—
PETITION BY ONE PARTNER.

P. filed a petition in bankruptcy, alleging that he was a member of the firm of C. P. & Co.; that the other members resided in Pennsylvania; that he had resided for more than six months next immediately preceding the filing of his petition, in the city of New York;

_____

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 5 N. B. R. 30, and 3 Chi. Leg. News, 225, contain only partial reports.]

that the members of the partnership owed debts exceeding three hundred dollars, and were unable to pay their debts in full; and that the other members of the firm had been requested to unite with him in his application, and refused to do so. The petition prayed that the said copartnership, and each member thereof, might be adjudged by a decree of the court to be bankrupts. On the filing of that petition, the court made an order that the other members of the firm show cause why the prayer of the petition should not be granted. They appeared by attorney on the return day, and filed a written consent to be adjudged bankrupts; and, thereupon, an order was made adjudging them all bankrupts. On their application for a discharge, specifications of opposition were filed, raising the question of the jurisdiction of the court. The ground of the want of jurisdiction which was set forth was, that the petition did not show that the members of the partnership, as such, carried on business in the district at any time within six months next preceding the filing of the petition, or that the partnership had any assets, either at the time of the filing of the petition, or within such six months. *Held*, that the petition showed a sufficient residence of P. within the district; that it sufficiently averred a subsisting partnership, to satisfy the requirements of section 36 of the bankruptcy act [of 1867 (14 Stat. 534)]; that the proof showed that copartnership assets had come into the hands of the assignee; and that, under the provisions of section 36 of the act, and of general order No. 18, the court had jurisdiction of the proceedings.

[Cited in Re Smith, 16 Fed. 467.]

[In the matter of John R. Penn, Charles V. Culver, and Lucien H. Culver, bankrupts. The proceedings in this case are first reported as heard upon motion of certain creditors to set aside the adjudication of bankruptcy theretofore rendered. Case No. 10,926.]

Robert Sewell and A. B. McCalmont, for creditors.

Francis N. Bangs and W. S. Opdyke, for bankrupts.

BLATCHFORD, District Judge. On the application for the discharge of these bankrupts, the question of the jurisdiction of the court to entertain at all these proceedings in bankruptcy is raised. Specifications have been filed in opposition to the discharge of the bankrupts. Two of those specifications are addressed to the question of jurisdiction, and the case has been argued on that point alone preliminary.

On the 31st of December, 1868, the bankrupt Penn filed in this court a petition, addressed to the judge of this court, setting forth, "that the said John R. Penn is a copartner in the firm of Culver, Penn & Company, a copartnership composed of said petitioner, and Charles V. Culver and Lucien H. Culver, who both reside in the county of Venango, in the state of Pennsylvania; that the said John R. Penn has resided, for more than six months next immediately preceding the filing of this petition, at the city of New York, within said judicial district; that the members of said copartnership owe debts exceeding the amount of three hundred dollars, and are unable to pay all their debts in full, and that the said Charles V. Culver and Lucien H. Culver have been requested by petitioner to unite with him in this application,

and refuse so to do; that the petitioner is willing to surrender all his estate and effects, joint and individual, for the benefit of their creditors and his own, and desires to obtain the benefit of the act entitled, "An act to establish a uniform system of bankruptcy throughout the United States" [14 Stat. 517], approved March 2, 1867, and desires to effect an adjudication of bankruptcy of the said partnership, and all the members thereof." The petition then refers to a schedule as annexed, containing a statement of the debts of said copartnership; to another schedule as annexed, containing an inventory of the estate of said copartnership; to another schedule as annexed, containing a statement of the individual debts of said Penn; and to another schedule as annexed, containing an inventory of the individual estate of said Penn. The petition then prays, that "the said copartnership, and each member thereof, may be adjudged by a decree of the court to be bankrupts," &c. On the filing of this petition, an order was issued by this court, requiring Charles V. Culver and Lucien H. Culver to show cause before it on the 30th of January, 1869, why the prayer of the petition should not be granted. They appeared by attorney on that day, and filed a written consent to be adjudged bankrupts, and on the same day an order was made adjudging Penn and the two Culvers bankrupts.

The specifications set forth as the ground of the want of jurisdiction, that the petition of Penn, on which the adjudication took place, does not show that the members of the copartnership, as such, carried on business in this district at any time within six months next immediately preceding the filing of the petition, or that the copartnership had any assets either at the time of filing the petition, or at any time within six months next immediately preceding such filing; that, in point of fact, such copartnership was dissolved on the 27th of March, 1866, and has not since that time carried on business any where; that no assets of the copartnership have come to the hands of the assignee in bankruptcy; that neither one of the two Culvers resided or carried on business within this district at any time within six months next immediately preceding the filing of the petition by Penn; and that neither when that petition was filed, nor within six months next immediately preceding the filing thereof, did such copartnership exist, nor did it at any time within such period possess any copartnership assets.

The petition of Penn shows a sufficient jurisdictional residence by himself in this district. It also avers that he "is a copartner in the firm of Culver, Penn & Company, a copartnership composed of said petitioner and Charles V. Culver and Lucien H. Culver." This is a sufficient averment of a subsisting copartnership, to satisfy the requirements of section 36 of the act, in regard to adjudging bankrupt two or more persons who "are part-

·ners in trade." In regard ·to the allegation of ·fact. that the copartnership was dissolved in ·1866, and that no assets of the copartnership have come to the hands of the assignee, and that no such assets existed when the petition was filed, or at any time within six months ·next immediately preceding the filing thereof, it is sufficient to say, that the proof shows satisfactorily that assets of the copartnership have come to the hands of the assignee, ·a portion of such assets being the proceeds of ·an item of assets of the copartnership named in the schedule of copartnership assets annexed to the petition of Penn, and that such ·assets existed when such petition was filed. This existence of copartnership assets at that time makes the copartnership a subsisting one at that time quoad creditors then existing, for the purpose of bankruptcy proceedings, as has been repeatedly held, although the copartnership may before have been dissolved as respected further active business ·operations.

What then remains of the objections to the ·jurisdiction? Neither of the Culvers resided in this district when the petition of Penn was filed, nor had either of them resided in ·this district for the. six months next immediately preceding the time of filing such petition, or for any period during such six months, nor had the copartnership, or its members as such, carried on business in this ·district for such six months, or for any ·riod during such six months. On these grounds it is contended that this court had no ·jurisdiction to adjudge the Culvers bankrupt, even though they appeared and consent-·ed to such adjudication.

It is contended. that the proceeding of Penn, as against the Culvers, was a proceed·ing in involuntary bankruptcy; and that it was necessary the petition should allege as having been committed by the Culvers, or by ·the firm, some one of the acts of bankruptcy ·specified in section 39 of the act. In these views I cannot concur. The petition of Penn was, so far as he was concerned, a voluntary petition, under section 11. It contains all the ·averments required by section 11, which it would have been necessary for it to contain, ·as respects Penn, if nothing had been said in it about a copartnership. In addition, it states that he is a copartner in a firm, which ·it names, and whose component members it names. It states the residence of the other members. It avers that the members owe ·debts and are unable to pay all of them in full; that the other two members have been requested by the petitioner to unite with him in the application, and refuse so to do; and that he desires to effect an adjudication of ·bankruptcy of the copartnership and all the members thereof. It then annexes schedules ·of the debts and assets of the copartnership, ·and prays that the copartnership, and each ·member thereof, may be adjudged bankrupts.

Where is the authority to be found for in-·serting these averments in the petition of Penn, or for filing a petition by Penn praying for an adjudication as respects the Culvers, unless the Culvers sign the petition containing such prayer? I conceive that full authority is found in the thirty-sixth section of the act and in general order No. 18. The thirty-sixth section provides, "that where two or more persons who are partners in trade shall be adjudged bankrupt, either on the petition of such partners, or any one of them, or on the petition of any creditor of the partners. a warrant shall issue, in the manner provided by this act, upon which all the joint stock and property of the copartnership, and also all the separate estate of each of the partners, shall be taken," &c. This provision clearly contemplates that persons who are copartners may be adjudged bankrupt on three descriptions of petitions: (1) The petition of all the copartners; (2) the petition of any one of the copartners; (3) the petition of a creditor of the copartners.

The proceeding by the petition of all the copartners is a purely voluntary petition, under section 11. Where they all unite in it, jurisdiction as to all of them must appear by it, by residence or· carrying on of business, as required by section 11. In the present case, the Culvers could not have united in the petition of Penn, because the petition could not have truly made the necessary averments required by section 11 to give this court jurisdiction ·through residence or the carrying on of business on the part of the Culvers.

The proceeding by the petition of a creditor of the copartners is a purely involuntary proceeding, under section. 39, and requires the adjudication to proceed on the commis·sion of some act of bankruptcy specified in that ·section. A proceeding by copartners, under section 11, requires no act of bankruptcy to be set forth, but only an averment that the debtors are unable to pay all their debts in full, and are willing to surrender all their estate and effects for the benefit of their creditors, and desire to obtain the benefit of the act. The filing of such petition is declared, by section 11, to be an act of bankruptcy.

The proceeding by the petition of one of two or more copartners, to have such copartners adjudged bankrupt, is a proceeding which, necessarily, is neither wholly voluntary nor wholly involuntary, but is partly voluntary and partly involuntary. So far as the petitioner is concerned, it is voluntary, under section 11. So far as the copartners not petitioning are concerned, it is not involuntary in the sense of section 39, unless the adjudication is asked for on the ground of the commission of an act of bankruptcy specified in section 39, although it may be involuntary in the sense of not being voluntary under section 11. Where it is not involuntary in the sense of section 39, the adjudication may be asked for on the ground that the members of the copartnership are

unable to pay all their debts in full, provided the petition is presented by a copartner as to whom the court to which it is presented has jurisdiction. Yet, the copartner petitioning may be unable to pay all his debts in full, and his copartners may be able to pay all their debts in full, and they may have committed acts of bankruptcy under section 39, and he may have committed no acts of bankruptcy under that section, so that, under sections 36 and 39, the partners could not be adjudged bankrupts on the petition of a creditor of the partners, and the copartners of the petitioning partner could not be adjudged bankrupt on the ground of their inability to pay all their debts in full. This would give rise to a case of a copartner petitioning to have himself adjudged bankrupt because of his inability to pay all his debts in full, and to have his copartners adjudged bankrupt because of the commission by them of some act of bankruptcy specified in section 39. These various phases are all of them provided for, in my judgment, by section 36, taken in connection with sections 11 and 39, and supplemented by general order No. 18.

Section 36 provides, that, "if such copartners," that is, copartners in trade who are sought to be adjudged bankrupt on the petition of themselves, or of any one of them, or of any creditor of theirs, "reside in different districts, that court in which the petition is first filed shall retain exclusive jurisdiction over the case." This provision implies that the court which first obtains jurisdiction over the subject-matter of the petition, and over the person of the petitioner, shall have exclusive jurisdiction over "the case," that is, over the subject-matter of the petition, and over all the copartners, if the non-petitioning copartners be brought in by appropriate process. "The case" is the bankruptcy of all the copartners. The prayer of the petition is, and must be, that all the partners may be adjudged bankrupt. Otherwise, it is not a case under section 36. In the present case, if the Culvers, residing in Pennsylvania, had filed their voluntary petitions there, praying for an adjudication against themselves and Penn, after Penn had filed his petition for the same purpose here, this court would, under section 36, have had exclusive jurisdiction of "the case." What object, then, could be attained, by compelling the Culvers to go through the vain form of filing their petitions in Pennsylvania, only to have them certified to this court, as the one having exclusive jurisdiction over "the case," after the Culvers have been brought into this court·under the practice prescribed by general order No. 18?

What is general order No. 18? It provides, that, "in case one or more members of a copartnership refuse to join in a petition to have the firm declared bankrupt, the parties refusing shall be entitled to resist the prayer of the petition, in the same manner as if the petition had been.filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law, and by these rules, in the case of a debtor petitioned against; and he shall have the right to appear at the time fixed by the court for the hearing of the petition, and to make proof, if he can, that the copartnership is not insolvent, or has not committed an act of bankruptcy, and to take all other defences which any debtor proceeded against is entitled to take by the provisions of the act." This general order applies solely to the case where one of two or more copartners petitions, under the privilege given him by section 36, to have all the copartners adjudged bankrupt. If all the copartners petition, there is nobody to make resistance. If a creditor of the copartners petitions, their right to resist is given fully by other provisions than those found in general order No. 18. That general order plainly contemplates: (1) A petition by one of two or more copartners, under section 36, to have "the firm," that is, all the copartners, declared, that is, adjudged, bankrupt; (2) the refusal of the non-petitioning copartners to join in such petition, that is, in subscribing and presenting it, as petitioners; (3) the giving to such refusing copartners of the like notice with that provided for by section 40, to be given to a debtor proceeded against by a creditor; (4) that the petitioning copartner may proceed, in his petition, on the ground either that "the copartnership" is "insolvent" (that is, that its members are unable to pay all their debts in full, which is the meaning of the word "insolvent," in that general order), or that his copartners have committed some act which is made by the statute an act of bankruptcy.

In the present case, the petition fully complied with all the provisions of the act and of the general orders. The notice was given to the Culvers, and they appeared and consented to an adjudication. This court acquired jurisdiction of "the case," that is, of the subject-matter of the petition, the bankruptcy of the copartnership, and of its members, by the petition of Penn, as to whom it had jurisdiction by virtue of his residence, and it acquired jurisdiction of the persons of the Culvers by the notice given to them. It was not necessary, in order to give this court jurisdiction of the case as to the Culvers, that they should have resided or carried on business in this district for the period mentioned in section 11, or that it should have been so averred.

The provision of general order No. 16, that, "in case two or more petitions for adjudication of bankruptcy shall be filed in different districts, by different members of the same copartnership, for an adjudication of the bankruptcy of said copartnership, the court in which the petition is first filed, having jurisdiction, shall take and retain jurisdiction over all proceedings in such bankruptcy, un-

til the same shall be closed," merely carries out the enactment in section 36, before referred to. Under that provision, as said before, if the Culvers, after Penn had filed his petition here, had filed their petitions in Pennsylvania, at their residences, for an adjudication of the bankruptcy of the copartnership, this court would have had exclusive jurisdiction over all the proceedings as to the bankruptcy of the copartnership. But it was not necessary, in order to give this court jurisdiction, that the Culvers should file such petitions in Pennsylvania. The provision is inhibitory as to the court in Pennsylvania, so as to give this court exclusive jurisdiction, but it is not enabling, so as to make it requisite to the jurisdiction of this court, that such petitions should be filed in Pennsylvania.

The objections to the jurisdiction of the court are overruled, and the case will stand for hearing on the other specifications.

[NOTE. The specifications in opposition to the discharge not considered in this opinion are disposed of in Case No. 10,929. An application by the defendants in an action brought by the assignee in the state court to have an order entered in this court instructing the assignee to discontinue that case was refused. Id. 10,928.]