## *In re* SMITH, Bankrupt.

*(District Court, S. D. New York. May 7, 1883.)*

1. BANKRUPTCY—JURISDICTION—PARTNERSHIP.

Where the bankrupt, S., had done business as a merchant individually, and also as a member of two independent firms, and resided in the district, *held*, the court had jurisdiction upon his own petition, in favor of himself and as against his copartners, to adjudicate the insolvency of himself and his firm.

v.16,no.4—30

**2. SAME—OBJECTIONS TO DISCHARGE.**

An objection to the assents given by certain creditors to the bankrupt's discharge, that they were not *bona fide* creditors, or that their forms of proof of debt were insufficient, the same having been passed and allowed by the register, cannot be heard indirectly and for the first time on the hearing of the application for the bankrupt's discharge, but can only be heard upon direct proceedings to set aside the proof of debt.

**3. SAME—BANKRUPT'S FAILURE TO KEEP BOOKS.**

General objections that the bankrupt did not keep proper books of account, are only available in showing that he did not keep some necessary books, or that the books kept were not as a whole sufficient to show the course or condition of the bankrupt's business. If the objection be merely that some particular transactions were not entered, the objection, to be available, must indicate the omissions complained of.

**4. SAME—AMENDMENTS TO SPECIFICATIONS.**

Amendments to specifications should not be allowed after proofs have been closed and after the argument of the cause, for the purpose of opposing the discharge of a partner who had nothing to do with the books, where the creditor, after argument, has assented to the discharge of the other two partners who were specially charged with the office work and the book-keeping.

**5. SAME—CREDITOR HOLDING CLAIM AGAINST PARTNER AND AGAINST FIRM.**

Where the creditor had large claims against the bankrupt individually and a small one only against the firm of which he was a member, and the specifications of objections are limited to the individual claim and to the individual discharge, *held*, that the specification was not sufficient to raise objections to the book-keeping of the firm.

**6. SAME—CASH-BOOK.**

A cash-book may be kept as part of a book embracing other matters, and either under the name of cash, or in the name of the person who receives and disburses it.

**7. SAME—ACCOUNTS—MONEY BORROWED—SEPARATE PAPERS.**

Where the account of exceptional transactions for borrowed money are kept on separate papers, which are preserved and turned over to the assignee with the books, *held*, that this was a sufficient compliance with the law.

**8. SAME—SEPARATE BOOKS OF ACCOUNT—DISCHARGE ALLOWED.**

Where numerous books of account are kept, in which all the transactions are entered in some form, with minor exceptions, and the books thereby afford means for their own rectification, and there appears to be no intentional or fraudulent omission or concealment, the discharge should not be refused.

Hearing on Specifications and Opposition to Bankrupt's Discharge.

*S. W. Fullerton,* for the bankrupt.

*J. S. Greves* and *Alexander Thain,* for opposing creditors.

BROWN, J. Without going into the details of the long and repeated examination I have given to this voluminous case, I will indicate briefly the conclusions to which I have come.

1. The court has jurisdiction of the proceeding, both as respects Smith and his former copartners, under the express provision of section 5121, upon the petition of Smith, who was at the time a resident

of this district. *In re John R. Penn,* 5 Ben. 89; *Re Stowers,* 1 Low. 528.

2. The proof of debt of John Hall Bulger having been allowed by the register, and being *prima facie* sufficient on its face, cannot be attacked collaterally on this hearing, but only in a direct proceeding for that purpose, wherein it would be competent for the creditor to supply defects, or prove his claim anew for such amount as might be correct. *In re Van Buren,* 2 FED. REP. 643, 645; Bump, Bankr. 106. The objection, therefore, to his assent to his discharge cannot be considered here. The same principle applies to the other consents to the bankrupt's discharge, which have been objected to, except as to the one withdrawn.

3. There is no sufficient proof to sustain the specifications of objections, except specification No. 5, relating to the books of account.

4. The fifth specification, which relates to the books, is not sufficiently specific to cover mere instances of omission of entries from the books, or mere irregularities in the mode of keeping them. *In re Frey,* 9 FED. REP. 376, 379. It is sufficient only (*a*) to show the failure to keep some book or books which are legally necessary to entitle a bankrupt to a discharge; or (*b*) that the books kept do not as a whole show in substance or effect the course or condition of the bankrupt's business.

5. It is not in accordance with the practice of the court to admit an amendment of the specifications changing their substantial character, after proceedings have been so long pending, and after the argument and submission of the cause, as moved for in this case.

6. As respects the books of Beals & Co., as to which various omissions and failure to keep a cash-book are charged, it is clear that Smith is in no way morally responsible for any deficiencies in them, but Beals and Holcomb alone. The opposing creditors having consented to the discharge of both Beals and Holcomb since the argument, there is no equity in permitting, as a favor, the same creditors to amend their specifications for the sake of raising objections against Smith's discharge, based upon the book-keeping of Beals and Holcomb, members of O. B. Beals & Co. This is further justified by the fact that Dowe and Powers, who oppose Smith's discharge, in their specifications refer only to their proofs of debt against him individually; and those claims have no connection with Beals & Co., or with the assets of that firm, or with the book-keeping of the firm.

7. The claim of $25,000 referred to in the argument of counsel as proved against Beals & Co. was not proved against Beals & Co., but

only against the firm of Beals & Holcomb, with which Smith had nothing to do. The objection to Beals & Co.'s book-keeping could only be raised by some creditor of that firm. Though Dowe proved a small claim against Beals & Co., he does not refer to it in his specifications, but objects only as a creditor of Smith individually, against whom he had claims of over $100,000; and his specifications must, therefore, be considered as limited to and based upon that claim. The points respecting Beals & Co.'s books, which were pertinent on the argument, have become immaterial since, through the discharge since then of Beals & Holcomb from all their debts by consent of the same opposing creditors.

8. The remaining objections to Smith's discharge are that he kept no cash-book, and the omission of a number of transactions from his books. While Smith did not keep a separate cash-book, it appears that he kept a cash account, as a part of one of the books. This was *pro tanto* a cash-book, and all that is necessary. It was as much a cash-book as if in separate covers; a part of the time kept under the name of cash account, and the rest of the time in the name of Hall, who received and disbursed the cash. The name and form of it were immaterial. It was clearly intended as a complete cash account of his ordinary business.

9. The borrowed-money account with the Halseys, not being a legitimate part of his ordinary business, was not entered in Smith's usual books, nor in his cash account; but statements of this account made from time to time by Halsey were kept with the books and turned over to the assignee as a part of them; there was no concealment, and no one mislead thereby. This was a compliance in substance with the requisites of the law.

10. Thirty-one books of Smith's individual accounts were produced, in which all the other transactions belonging to his business as a merchant were more or less fully entered. The objections are mainly that certain entries and transactions are not duplicated by some other corresponding entries, or not "traceable," and relate to the form of keeping the books. Most of the items objected to are sufficiently explained in Mr. Smith's testimony. As to a few he was unable to recollect. They are not sufficiently important to affect his discharge. For the most part, the books seem to me, with slight exceptions, to furnish means for their own rectification, and the evidence negatives any intentional or fraudulent omission or concealment.

Under such circumstances, as was stated in the *Frey Case*, 9 FED. REP. 384, the discharge should not be refused.