## Case No. 13,516.
### In re STOWERS et al.
[1 Lowell, 528.] [1]

District Court, D. Massachusetts. Jan., 1871.

BANKRUPTCY—PARTNERSHIP—DISSOLUTION — PETITION BY FORMER PARTNER.

1. One partner may petition to have himself and his copartner adjudged bankrupt after a dissolution of the copartnership.

2. He will not be estopped from petitioning by having undertaken to pay all the joint debts, the joint creditors not having accepted him as their sole debtor.

[Cited in Re Bennett. Case No. 1,314; Re Smith, 16 Fed. 467.]

This was a petition by J. R. Stowers alleging that he had been a partner with one Johnson, and that the firm had been lately dissolved, but was insolvent, and praying that a joint warrant be issued against their estate. There were allegations tending to impeach the fairness of the dissolution on the part of Johnson. The evidence was that Stowers bought out Johnson and paid him five thousand dollars for his interest in the joint assets, and gave him a bond to pay all the joint debts, and very soon after discovered that he had paid him too much. Stowers then sold out the stock in trade to Cobb & Co., taking notes on long time, and offered to settle with the creditors for seventy-five per cent of their debts. Failing in a settlement, he brought this petition.

C. P. Hinds, for Stowers.

J. Nickerson, for Johnson.

LOWELL, District Judge. The petitioner does not stand in a very enviable position, for, whatever may be the merits of his controversy with his late partner, it is clear that he has committed a technical fraud, at least, by conveying away all his property in order to gain an advantage in settling with his creditors or with his partner. Notwithstanding this, I must decide the case on the law and evidence as a case in bankruptcy. After a dissolution of copartnership, either partner may apply to have the firm adjudged bankrupt if they are in fact insolvent. Thompson v. Thompson, 4 Cush. 127. I have often taken jurisdiction of joint petitions in such cases, a course of action which involves substantially the same question. This being so, the only doubt is whether this petitioner stands differently from other copartners. He has undertaken to pay all the joint debts, and if this were an ordinary suit he might be precluded from setting up, as against Johnson, that the debts which he has undertaken to pay remain the joint debts of the firm, for they both agreed to treat them as the separate debts of Johnson. But in bankruptcy, if the firm is really insolvent, the partner who petitions is acting for the creditors as well as for himself, and it cannot be doubted that the joint creditors could proceed against both debtors in bankruptcy, unless they had agreed to accept Stowers alone as their debtor, which the creditors of this firm have not done. It seems to me, therefore, that the doctrine of estoppel does not apply, and that Johnson and Stowers, or either of them, might, after the dissolution, petition for the benefit of the act on behalf of the firm. Such a proceeding by partners differs in this from one by creditors, that no act of bankruptcy need be alleged, but only that the firm is insolvent. If then we decide that a partner cannot petition by reason of any contract with his copartner, we deprive the creditors of the very important power of procuring adjudication through the petition of one partner when the firm is clearly insolvent, but no technical joint act of bankruptcy has been committed.

The evidence here shows that the firm is insolvent, and that it was so before Stowers made the conveyance to Cobb & Company, and that Johnson has not himself the present available means to pay the joint debts on demand. Whether if he had the ability he could defend successfully such an action as this except by actually paying the debts, I need not now decide.

As I understand the principal ground of defence, it is this: That there was no insolvency until Stowers caused it after Johnson had retired from the firm. The evidence upon this point is not quite distinct. There was no actual failure to pay before that time, but they needed indulgence and forbearance from their creditors. But granting that they were not insolvent immediately on the dissolution, it seems to me that Johnson by intrusting Stowers with the payment of the debts, took the risk of his being both able and willing to do so, and that he cannot set up now that he left the firm solvent and that the act of the petitioner has changed the state of affairs. It seems a great hardship that one partner should be able thus to involve another, but it results from the relation between the parties, and all that the court in bankruptcy is concerned with is the fact of present insolvency. The argument would be no less strong before the firm was dissolved, that the petitioning partner had brought it to insolvency by his fraud or mismanagement, contrary to the articles, and without justification as between the partners; but no such defence has ever prevailed or been set up that I know of. I ought to say that Stowers believes himself to be the injured party, and alleges that his partner deceived him in various ways throughout their joint dealings. Both partners adjudged bankrupt.

[For subsequent proceedings in this litigation, see Case No. 7,369.]

---

[1][Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]