WEISS (EVANS v.).  See Case No. 4,572.

---

## Case No. 17,365.

### In re WEITZEL.

[7 Biss. 289;[1] 14 N. B. R. 466; 3 Cent. Law J. 557.]

District Court, W. D. Wisconsin.  Sept., 1876.

#### BANKRUPTCY OF LUNATIC.

1. A party under guardianship as a lunatic may be adjudged a bankrupt against the consent of his guardian.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. An insane person can not commit an act of bankruptcy.

This was an involuntary petition, and on the return day of the order to show cause, the respondent appeared by his guardian, and filed an answer, stating that at the time of filing the petition he was insane, and under guardianship from the county court of Crawford county, and also, that he was insane at the time the several acts of bankruptcy are charged to have been committed.

F. W. Cotzhausen, for creditor.
O. B. Thomas, for bankrupt.

HOPKINS, District Judge. A motion in the nature of a demurrer has been submitted, involving the questions: First, can a party under guardianship as a lunatic be adjudged a bankrupt against the consent of his guardian? and, second, can an insane person commit an act of bankruptcy?

The first is jurisdictional, and involves the power of courts, on the application of creditors, to proceed against such parties. It is not new, and may be determined by the authorities. Freem. Judgm. § 152, says: "By a concurrence of judicial authority, lunatics are held to be within the jurisdiction of the courts. Judgments against them are neither void nor voidable." "A lunatic may be sued at law, after the execution of the commission of lunacy." Sternbergh v. Schoolcraft, 2 Barb. 153; Crippen v. Culver, 13 Barb. 424; Kernot v. Norman, 2 Term R. 390; Nutt v. Verney, 4 Term R. 121; Ibbotson v. Lord Galway, 6 Term R. 133; Ex parte McDougal, 12 Ves. 385.

The statutes of this state authorize suits to be prosecuted against insane persons under guardianship, and prescribe the mode of service of summons in such cases. Tayl. St. 1429, § 10. That courts have jurisdiction of actions against lunatics seems to be too well settled to admit of discussion at this time.

But it is claimed that, admitting such right, it does not follow that proceedings in bankruptcy may be had. I cannot see any reason for a distinction.

Bankruptcy is a proceeding or suit in its nature equitable—a sequestration of a debtor's property that the creditors may resort to, instead of an ordinary suit at law or equity. In such proceedings there are advantages that do not pertain to other remedies known to the law. The bankrupt act declares certain acts of a preferential character void, and authorizes suits by assignees to recover back from the offending party property obtained contrary to its provisions.

It is often the only proceeding that the creditors can take to collect anything, and to hold that the remedy by ordinary action is open to them, but that proceedings in bankruptcy are not, is a discrimination between remedies not founded upon or sustained by principle or authority, as will appear by an examination of the reported cases and elementary writers on the subject. In Anon., 13 Ves. 590, the lord chancellor said: "A commission of lunacy will

not protect the lunatic against an action, and a commission in bankruptcy is a species of action against which the lunacy cannot be a defense." The bankrupt act authorizes any person owing debts to be adjudged a bankrupt, either on his own petition or the petition of his creditors. This would not include infants and feme coverts, because they do not ordinarily owe debts, for want of legal capacity to contract. A party to be adjudged must have capacity to contract binding obligations. A married woman, under recent legislation in many states, now has such capacity and is liable to bankrupt proceedings. In 3 Pars. Cont. p. 462, it is said: "If a sane person commits an act of bankruptcy and afterwards becomes insane, he may be adjudged a bankrupt and his rights protected by his guardian." and at page 461, that "if one who incurs debts and is unable to pay them, becomes a lunatic, process may now issue and the usual proceedings be had for the benefit of creditors." These cases not only ignore the existence of any distinction between remedies, but on the contrary assert the right to proceed in bankruptcy against lunatics. See Shelford, Lun. 429; Robs. Bankr. 94, to same effect. Judge Lowell, in In re Pratt [Case No. 11,371], followed these authorities. In that case the petition was on behalf of the lunatic by his guardian, but I cannot see that that makes any difference upon the question of jurisdiction of the court. The proceedings there were sustained upon the ground that the lunatic was a person within the meaning of the bankrupt act and amenable to proceedings in civil actions by his creditors, and if a lunatic is to be regarded as a person within the meaning of the act, the court has the same authority to entertain proceedings against him as in his favor. The act makes no distinction. Courts of bankruptcy take jurisdiction by law and not by consent of parties. The bankrupt's counsel cited and relied upon In re Murphy [Id. 9,946], as showing that insanity at the time of commencement of the proceedings, was a good answer. That case is very imperfectly reported, neither the reasons nor the authorities relied upon by the learned judge are given, and, as it is against the general current of the authorities in this country, as well as in England, I cannot follow it as the law upon this question. So that upon the first point, I must hold in favor of the petitioning creditors, that the proceedings are maintainable.

But the second ground alleged in the answer, if true, is fatal to the case. An insane person cannot commit an act of bankruptcy; so that if the allegation that he was insane at the time he committed the alleged acts is sustained, the proceedings must be dismissed. In re Marvin [Case No. 9,178]; Ex parte Stamp, 1 De Gex, 345; In re Pratt, supra; 3 Pars. 462. This seems so clear upon principle, that I do not deem it necessary to spend any more time upon it. But the petitioners deny that he was insane at the time, which

raises a question of fact which I shall submit to a jury as demanded by the respondents, reserving all further questions until that is decided.

Consult an article in American Law Register, March, 1874: "Married Women as Bankrupts."