### In re DUNNIGAN.

(District Court, D. Massachusetts. July 14, 1899.)

#### No. 472.

1. BANKRUPTCY—PARTNERSHIPS—INFANT PARTNER.
   Where proceedings in involuntary bankruptcy are instituted against a firm, and it appears that one of the partners is a minor, an adjudication should be made against the adult partners and against the firm as such, but as to the infant partner the petition should be dismissed.

2. SAME.
   Bankruptcy Act 1898, § 5, cl. h, providing that, "in the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt," does not apply to a case where the infancy of the partner not adjudged bankrupt was the only ground for dismissing the petition as to him.

In Bankruptcy. On report of referee in bankruptcy on a contested petition for adjudication in involuntary bankruptcy.

Greene & Davenport, for petitioning creditors.
Winn & Griswold, for bankrupts.

LOWELL, District Judge. The allegations in the petition have been established, and upon this point I find no reason to differ from the report of the referee, to whom the case was referred, under rule 12, to ascertain and report the facts. The only difficulty is created by the fact not stated in the petition, but properly set up in the answer, and not disputed, that one of the respondents, a member of the respondent firm, is a minor. Upon the whole, the authorities make it pretty clear that an infant cannot generally be made an involuntary bankrupt, and sound reasoning leads to the same result. In re Derby, 6 Ben. 232, Fed. Cas. No. 3,815; Farris v. Richardson, 6 Allen, 118; In re Brice, 93 Fed. 942. Under these circumstances, an adjudication should be made against the partner who is of age, and against the firm. As to the minor partner, the petition should be

dismissed without costs, and with a specific statement that the dismissal is made by reason of his minority. See Lovell v. Beauchamp [1894] App. Cas. 607. As was observed by Lord Ashbourne, at page 614:

"It would be most unfortunate if the adult members of a partnership could evade liability because one of the partners was a minor. If this was laid down, minors would be found in many partnerships."

It is true that section 5, cl. h, of the bankrupt act, provides that, if one or more, but not all, of the partners are adjudged bankrupt, the partnership property shall not be administered in bankruptcy, but by the nonbankrupt partner. This provision, however, seems to me not intended to apply to a case in which the exempt partner escapes only because of his minority. To permit him alone by reason of his minority to settle the partnership business would be absurd. Decree in accordance with opinion.