## In re L. STEIN & CO.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

### No. 1,017.

**1. BANKRUPTCY—PARTNERSHIP—INSANITY OF PARTNER.**

Under Bankr. Act July 1, 1898, c. 541, § 5a, 30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424], which treats a partnership as a legal entity and provides that "a partnership during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt," the insanity of a partner and the appointment of a conservator of his estate will not prevent an adjudication of bankruptcy against the partnership on petition of its creditors.

Appeal from the District Court of the United States for the Southern District of Illinois, in Bankruptcy.

On February 13, 1903, certain creditors of the firm of L. Stein & Co., a copartnership located at Quincy, Ill., and composed of Leopold Stein and Albert Stein, the former of whom had his domicile at Quincy and the latter of whom resided in Chicago, filed their petition in involuntary bankruptcy against the copartnership of L. Stein & Co. and against Leopold Stein individually. The petition alleged that the petitioners were creditors of the copartnership to an amount exceeding $2,300, and that on the 24th of December, 1902, the firm, while insolvent, had made certain preferential payments, one of which was to the wife of Leopold Stein. The petition also alleged that on the 26th day of December, 1902, Albert Stein, one of the copartners, was adjudged insane by the county court of Cook county, Ill., and committed to the Illinois State Hospital for the Insane at Kankakee, and that Max Lindauer was thereafter duly appointed conservator of the estate of Albert Stein, and had qualified and was then acting as such. The petitioners prayed service of their petition with a subpoena upon Leopold Stein and upon Albert Stein and upon the conservator of the estate of Albert Stein, and that the copartnership and Leopold Stein individually might be adjudged to be bankrupt. On February 21, 1903, Albert Stein by his conservator and next friend, and Max Lindauer as conservator of the estate of Albert Stein, severally filed general demurrers to the petition. On June 27, 1903, the demurrers were severally sustained and the petition dismissed, and from that decree this appeal is prosecuted.

George S. Eddy, for appellant.

B. Lipson, for appellee.

Before JENKINS and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). The bankruptcy act (Act July 1, 1898, c. 541, § 5, 30 Stat. 547, 548 [U. S. Comp. St. 1901, p. 3424]) deals with the subject of copartnerships, and provides (subdivision "a") that a partnership during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt. It also provides (subdivision "f") that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of the individual debts; and subdivision 19 of section 1 of the act provides that " 'persons' shall include corporations, except when otherwise specified, and officers, partnerships and women, and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors' or trustees, or other similar controlling bodies of corporations." The question here is whether the insanity of one partner defeats involuntary bankruptcy proceedings against a copartnership of which he is a member. Under the bankruptcy law of England, and under the previous bankruptcy acts of the United States, and possibly under the present bankruptcy act, it is doubtful whether an insane person can be adjudged a bankrupt. No adjudication is sought here against the insane partner, and the question suggested need not be considered, except that it may be noted that under the law of the state of Illinois with reference to insane persons a conservator is appointed of his estate, who is in the management of it during the insanity of his principal; but there is no prohibition

against suing the insane person upon any valid contract made by him, or from obtaining satisfaction out of his estate in the hands of the conservator. Starr & C. Ann. St. 1896, c. 86; Scott v. Bassett, 194 Ill. 607, 62 N. E. 914. The lunatic may by his conservator sue and be sued either at law or in equity, the probate court being without power, as it could in the case of decedents, to allow claims against his estate. Morgan v. Hoyt, 69 Ill. 490.

The present bankruptcy act recognizes the equitable rule that partnership property is primarily a fund for the payment of copartnership debts, and that the interest of a copartner is subject to that special equity, and attaches only to the surplus remaining after the payment of the copartnership debts. It treats the copartnership as a legal entity, irrespective of the status or the separate rights of the individual copartners. It deals with the copartnership as a person for the purpose of subjecting the partnership property to the satisfaction of copartnership liabilities. In this respect the present act is a marked departure from previous bankruptcy acts. And so it has been held that a copartnership may be adjudged a bankrupt after the death of one partner, upon an act of bankruptcy committed by the surviving partner, and that the adjudication of bankruptcy of a copartnership does not necessarily draw into the proceeding the estate of every individual member. There have been several adjudications in which the question has been fully considered, and in the result of which we fully concur. Chemical National Bank v. Meyer (D. C.) 92 Fed. 896, affirmed upon appeal, sub nom. In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Duguid (D. C.) 100 Fed. 274; In re Barden (D. C.) 101 Fed. 553; Strause v. Hooper (D. C.) 105 Fed. 590; In re Hale (D. C.) 107 Fed. 432; In re Farley (D. C.) 115 Fed. 359; In re Mercur (D. C.) 116 Fed. 655; In re Mercur, 122 Fed. 384, 58 C. C. A. 472. See, also, In re Dunnigan (D. C.) 95 Fed. 428.

We perceive no valid reason why this manifest purpose of the bankruptcy act should not have full effect. In the case of a decedent the proper probate court assumes the charge of and the disposition of his estate. But even then the partnership of which he was a member might, as we think, be properly adjudicated bankrupt as against the survivors, and the partnership estate administered by the bankruptcy court, since the decedent's interest in the estate extends only to the surplus after payment of the partnership debts. So, also, in respect to a minor, neither he nor his estate is responsible for debts contracted by him during his minority. And yet we perceive no objection, where he is a partner in a copartnership, his interests therein being subordinate to the copartnership debt, to the adjudication of such copartnership as a bankrupt under the provisions of the present bankruptcy act. Conceding for the purpose of the argument—a question which we do not determine—that an insane person may not be adjudicated a bankrupt (upon which question see In re Pratt, 6 Nat. Bankr. Rep. 276, Fed. Cas. No. 11,369; In re Weitzel, 7 Biss. 289, Fed. Cas. No. 17,365), nevertheless we think a copartnership of which he was or is a member may be so adjudicated, and the firm property applied to the payment of the firm debts. There is here no attempt to adjudicate the insane partner a bankrupt individually. The proceeding is merely to subject partner-

ship property to the payment of partnership debts and for an adjudication of bankruptcy against the sane partner. The argument in the cases cited is so complete and satisfactory that the subject needs no further discussion.

The decree of the court below is reversed, and the cause is remanded to the court below with a direction to proceed in conformity to this opinion.