In re KEHLER.

(District Court, W. D. New York. April 13, 1907.

No. 2,626.

1. BANKRUPTCY—DEFINITION OF TERMS.

The term "bankrupt," as used in Bankr. Act July 1, 1898, c. 541, § 1 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], includes a person against whom an involuntary petition shall not abate because of his death or insanity.

[Ed. Note.—What persons are subject to bankruptcy law, see note to In re Taylor, 42 C. C. A. 2.]

**2. SAME—INSANE PERSONS—SUBSEQUENT ADJUDICATION—ABATEMENT.**

> Where an involuntary bankruptcy petition was filed prior to the bankrupt's being adjudged insane, such subsequent adjudication did not abate the proceedings nor preclude the court from administering the bankrupt's estate, if the court's jurisdiction was based on acts of bankruptcy committed while the bankrupt was sane.

In Bankruptcy. Motion to dismiss involuntary petition on ground of insanity of the bankrupt.

John A. Van Arsdale, for petitioning creditors.
C. E. Berger and S. M. Enterline, for committee of bankrupt.

HAZEL, District Judge. The involuntary petition was filed in this court before Kehler, the alleged bankrupt, was judicially adjudged a lunatic by the court of common pleas of Schuylkill county, Pa. Upon the instant of filing the petition this court acquired jurisdiction over the property of the bankrupt, and it came under its control and direction. A receiver was subsequently appointed to take the property of the bankrupt found in the Western district of New York into his control and safely keep the same ·subject to the provisions of the bankrupt act. The term "bankrupt" includes a person against whom an. involuntary ꞑpetition shall not abate because of his death or insanity, but the same shall be conducted and concluded in· the same manner, as far as possible, as though he had not died or become insane. The inquisition under the statute of the state of Pennsylvania relating to lunacy beyond doubt was conclusive as against later acts by the bankrupt, but the retrospective findings of the jury did not include the period of time when such acts are claimed to have been committed. True, an insane person cannot commit an act of bankruptcy; but, if Kehler was compos mentis at the time the acts were committed, the petition by creditors being filed before he was adjudged insane, I think the court acquired jurisdiction of the proceeding.

Counsel for the general guardian of the lunatic place stress upon In· re Funk (D. C.) 101 Fed. 244, where it was broadly held that a court of bankruptcy will not entertain jurisdiction of a petition by creditors to have a person adjudged a bankrupt who prior to the filing of such petition had been regularly and duly adjudged insane. In that case, however, the court expressed the opinion that in cases where the insanity had not been adjudged, and creditors· sought the adjudication of the bankrupt, a court of bankruptcy might properly exercise jurisdiction and could hold the party responsible for acts committed prior to the ascertainment of his mental incapacity. This principle, in which I concur, would seem to justify a continuance of this proceeding. In re Eisenberg (D. C.) 117 Fed. 786, the court declined to entertain jurisdiction in proceedings in bankruptcy instituted by the committee of a lunatic on the ground that he was not a qualified person to perform the duties required of him by the provisions of the bankruptcy act. That lunatics may not file a voluntary petition in bankruptcy except in lucid intervals has frequently been decided. In re Weitzel, Fed. Cas. No. 17,365; In re Pratt, Fed. Cas. No. 11,371. And in Re Stein, 127 Fed. 547, 62 C. C. A. 272, the ques-

tion whether he could be adjudicated a bankrupt was mooted. See, also, In re Burka (D. C.) 107 Fed. 674.

The bankrupt act provides that any natural person may be adjudged an involuntary bankrupt, and the word "person" has been construed not to include an infant or lunatic. But, where it is shown in the creditors' petition that the bankrupt was qualified at the time the act of bankruptcy was committed, and such petitioning creditors, having reason to believe him capable of transacting his business, dealt with him, and he immediately thereafter concealed his property or committed other acts of bankruptcy without paying his debts, the petition will not be set aside until after searching inquiry as to the debtor's mental capacity (where it is claimed in his behalf that he was a lunatic) at the time the alleged act of bankruptcy was committed. No harm can result to him. His interests will be protected under the supervision of the court by a guardian ad litem, committee, or next friend. As the jurisdiction of the court attached, as hereinbefore stated, before the bankrupt was adjudged insane under the writ de lunatico inquirendo, and in view of the presumption of the bankrupt's sanity at the time the acts of bankruptcy were committed, the motion to dismiss the petition must be denied.