In re COE et al.

(District Court, S. D. New York. November 27, 1907.)

No. 9,649.

1. BANKRUPTCY—PARTNERSHIP—SURVIVING PARTNERS.

Under Bankr. Act July 1, 1898, c. 541, § 5, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424], a partnership after its dissolution by the death of one partner may be adjudged a bankrupt, and in such a case the proceedings are not invalidated by the fact that the petition did not refer to the deceased partner nor disclose that the partners named were surviving partners, where the business was being continued as provided in the partnership articles.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 57.]

2. SAME.

Where the widow and executrix of a deceased partner had actual knowledge of the institution of bankruptcy proceedings against the partnership after the testator's death, she is not entitled to have the adjudication set aside after a composition has been confirmed merely because her testator was not named as a partner.

In Bankruptcy.

See 154 Fed. 162.

Kellogg & Rose, for petitioner.
B. F. Jones, for bankrupts.

HOLT, District Judge. This is a motion by the widow and executrix of Mervin C. Stanley to vacate the adjudication in bankruptcy in this case of Edward P. Coe and William H. Knox, individually and composing the firm of Cadenas & Coe, and all proceedings had thereunder, including all the proceedings for a composition. Prior to February 1, 1907, Edward P. Coe, William H. Knox, and Mervin C. Stanley composed the firm of Cadenas & Coe. On that date Stanley died. The articles of partnership provided that, in the event of the death of one of the partners, the partnership should continue for the balance of the calendar year. After February 1, 1907, the surviving partners, Knox and Coe, continued the business for 15 days, and on February 15th they, as surviving partners of the firm of Cadenas & Coe, executed an assignment for the benefit of creditors. On March 12, 1907, an involuntary petition in bankruptcy was filed by three creditors of the firm of Cadenas & Coe, who alleged in their petition that the indebtedness to each was created in the month of January, 1907. The petition alleged that Coe and Knox for the greater portion of the six months next preceding had been engaged in business under the firm name of Cadenas & Coe. It contained no reference to the fact that Stanley had been a member of the firm, or that Coe and Knox were the surviving partners. The adjudication "decreed that the said Edward P. Coe and William H. Knox, individually, and said firm of Cadenas & Coe, be and they hereby are declared and adjudged bankrupts." As originally drawn, this paragraph provided that Coe and Knox, individually and composing the firm of Cadenas & Coe, be adjudged bankrupts, but, in the decree, when signed, the words "composing the" were struck out, and the word "said" substituted in their place, and

Judge Hough wrote his initials upon the margin opposite such correction. After the adjudication a trustee was duly appointed, and thereafter an order of composition was made, and this motion to vacate all the proceedings was made just before the time fixed for the payment of the composition.

The papers show that Stanley, at the time of his death, had overdrawn, and was indebted to his firm, in the sum of more than $35,000, and that early in February, after the death of Stanley, and before the general assignment was made, Mrs. Stanley indorsed a note of the firm of Cadenas & Coe for $30,000, upon which suit is now being brought by the American Exchange National Bank.

The counsel for Mrs. Stanley upon this motion argues that, as no mention was made in the bankruptcy petition of Stanley's former connection with the firm, or that Knox and Coe were surviving partners, the presumption is that the bankruptcy related to a new firm of Cadenas & Coe, formed by Knox and Coe; that the former firm of Cadenas & Coe was not affected by the adjudication, and that Mrs. Stanley was not bound to take notice of the proceedings. But the death of Stanley dissolved the firm. Knox and Coe, as surviving partners, were vested with the assets of the firm. The partnership articles provided that the business should be continued by them, as surviving partners, through the year. They made a general assignment for the benefit of creditors, which was an act of bankruptcy, and that was the act of bankruptcy relied on in the petition filed. They, as surviving partners, then constituted the firm entity, and as such could themselves petition or be petitioned against to put the firm into bankruptcy. In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Stein, 127 Fed. 547, 62 C. C. A. 272; and see Vaccaro v. Security Bank, 103 Fed. 436, 43 C. C. A. 279. The fifth section of the bankrupt act provides that "a partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt." Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]. I understand this provision to apply to any case of a partnership which is dissolved, whether the dissolution be caused by the death of one of its members, or by the expiration of the term, or otherwise. There is no evidence that any new firm was formed by Knox and Coe after the death of Stanley; and if there is any presumption to be indulged, it seems to me that the presumption is that the business which was continued after the death of Stanley, in the name of Cadenas & Coe, was the business of Knox and Coe as surviving partners of the old firm, continued pursuant to the provisions of the articles of copartnership permitting it. The schedules of indebtedness contained all the debts of the firm, as well those incurred before the death of Stanley as those incurred afterwards, and such debts are included in the composition proceedings. Mrs. Stanley and her attorneys had full knowledge of the existence of the bankruptcy proceedings and of the proceedings for composition. There is some controversy in the papers as to whether certain specific notices were received, but there can be no doubt that they had general knowledge of the pendency of the proceedings. Under these circumstances the mere fact that the petition in involuntary bankruptcy did not contain any reference on its face

to the fact that Stanley had been a partner, and that Knox and Coe were surviving partners, seems to me immaterial. The bankruptcy was the bankruptcy of the old firm of Cadenas & Coe, the adjudication adjudged the old firm of Cadenas & Coe to be bankrupt, and, if Mrs. Stanley or her attorneys had investigated the papers on file, they would have seen that the bankruptcy was the bankruptcy of the old firm of Cadenas & Coe. Moreover, if they had any objection to the validity of the original bankruptcy proceedings, they should have taken the objection earlier. They knew of the proceedings substantially from the start. They took no action until immediately before the payments were due under the composition.

The counsel for Mrs. Stanley asserts that the American Exchange National Bank, which holds the note for $30,000, made by the firm of Cadenas & Coe, and indorsed by Mrs. Stanley, has not proved its claim in bankruptcy, and argues that therefore the assets which may be distributed under the composition will not inure to her benefit, in respect to her obligation as an indorser of the note. There is a controversy in the papers upon this motion as to whether the American Exchange National Bank is a secured creditor. It is claimed on the one hand, and denied on the other, that the bank holds as security certain policies of life insurance on the life of Mr. Stanley. That may be a reason why the American Exchange National Bank did not prove its claim. But in any event Mrs. Stanley, as indorser, could have made a proof in the name of the American Exchange National Bank, under section 57i, under which she would have been protected. Moreover, in the case of a composition, all the creditors must be included in the composition, whether they have proved or not; and, in the composition order, the first two claims in the list are claims of the American Exchange National Bank, one for $40,000, and one for $6,912.05. If there was any error in fixing the amounts of the debts allowed in the composition, Mrs. Stanley had notice of the proceedings, and should have had the matter corrected at the time.

Under all the circumstances, in my opinion, this motion should be denied.