## In re E. W. ADAMS & CO.

(District Court, S. D. Georgia, N. E. D. August 4, 1922.)

*(Syllabus by the Court.)*

1. **Partnership** &197;224—May form partnership with third person.

   A partnership can, by consent of all of its members, unite with another person and form a partnership.

2. **Bankruptcy** &197;81(1)—Petition held to seek adjudication against surviving partners as such, and not as co-obligors.

   The adjudication in bankruptcy sought in this case was against the partnership assets in the hands of the surviving partners, and against the surviving partners individually, and not against the surviving partners as co-obligors.

3. **Bankruptcy** &197;69—Dissolved partnership may be adjudged bankrupt.

   A partnership dissolved by the death of a member, and whose affairs have not been finally settled, is subject to be adjudged a bankrupt. Bankruptcy Act, § 5a (Comp. St. § 9589).

4. **Bankruptcy** &197;374—Dissolved partnership and surviving partner may obtain composition, though representative of deceased partner not made party.

   The right of composition inures to a partnership dissolved as stated in headnote 3, and to the surviving partners, notwithstanding the representative of the deceased partner is not a party to the bankruptcy proceedings.

In Bankruptcy. Involuntary bankruptcy proceedings against E. W. Adams & Co. and E. W. Adams and S. W. Adams, surviving partners. On motion to dismiss the petition and the offer of compromise. Motion denied.

Petition to superintend and revise denied, 283 Fed. 1023.

S. C. Upson and Horance & Frank Holden, all of Athens, Ga., for the motion.

Norman & Norman, of Washington, Ga., opposed.

BARRETT, District Judge. E. W. Adams & Co. was a partnership composed of E. W. Adams and W. J. Adams & Bro.; the latter firm being composed of S. W. Adams and W. J. Adams. W. J. Adams died. Involuntary bankruptcy proceedings were brought against E. W. Adams & Co., of which E. W. Adams and S. W. Adams were the surviving partners, based on an act of bankruptcy committed by the surviving partners. Before adjudication a composition was submitted, and a majority in number and amount of the creditors of the partnership voted for its acceptance.

Webb-Crawford Company, a creditor of the partnership not voting for such acceptance, filed a motion to dismiss the bankruptcy proceedings and also the composition proceedings for the following reasons:

(a) The agreement between W. J. Adams & Bro. and E. W. Adams did not constitute a partnership, but merely made the so-called partners co-obligors.

(b) Because the proceedings in bankruptcy were against E. W. Adams and S. W. Adams as co-obligors, and not against the partnership.

(c) A partnership which has been dissolved by the death of one of the partners is not subject to adjudication in bankruptcy.

(d) Inasmuch as the estate of the deceased partner cannot be administered in bankruptcy, a composition cannot be allowed in the proceeding against a partnership which has been dissolved by the death of one member.

[1] Objection (a). Neither reason nor authority was produced why a partnership, all of its partners consenting, should not form a partnership with another person. There was no evidence submitted indicating that both members of W. J. Adams & Bro. did not agree to form the partnership of E. W. Adams & Co., but everything in the record relevant thereto indicates that there was such consent. E. W. Adams & Co. was a valid partnership.

[2] Objection (b). The petition in bankruptcy affirmatively shows that it is not only against E. W. Adams and S. W. Adams, individually, but against them as "surviving partners, doing business under the firm name and style of E. W. Adams & Co." Furthermore, the petition of the Webb-Crawford Company to dismiss the bankruptcy proceeding shows that:

"Said petition [in bankruptcy] was seeking to adjudicate, as bankrupt entity, the firm so dissolved by said death of W. J. Adams."

The schedules were filed for the partnership of E. W. Adams & Co., and also for the individual surviving partners, E. W. Adams and S. W. Adams. It is obvious that the adjudication sought was intended to apply to the dissolved firm, as well as to the surviving members thereof.

[3] Objection (c). The statute answers this objection. Bankruptcy Act, § 5a (Comp. St. § 9589), provides:

"A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt."

This provides for the very condition in this case. Objection is made that after dissolution by death there is no longer a partnership entity. Grant that this be true. The statute provides, however, that the entity, or the association, or the relationship, or whatever it may be termed, existing after dissolution, may nevertheless be adjudicated a bankrupt, provided there has been no final settlement. It is as appropriate for Congress to provide that this relationship held by the surviving partners was subject to bankruptcy as that the partnership itself was subject. Absence of such a provision would result in a denial of the benefits of bankruptcy to a partnership by reason of a contingency entirely beyond the control of the partners. As is shown in paragraph 4 of this opinion, no rights of creditors are impaired by this provision; while to give it the interpretation urged by objectors would be to deprive partners of valuable protective rights, without any reason therefor. Such interpretation would result in withdrawing from bankruptcy administration partnership estates of ever so great magnitude by reason of the death of a partner holding an infinitesimal interest and whose individual estate was insolvent.

There are statements in the text-books to the effect that a partnership dissolved by death cannot be adjudged a bankrupt (Collier on Bankruptcy, p. 175; Black on Bankruptcy, § 117; Remington on Bankruptcy, p. 269); but such statements are accompanied by citation of authorities to the contrary, and most of the cases cited in support of the statement are under the Bankruptcy Law of 1867 (14 Stat. 517), which contained no provision like section 5a above.

On the contrary, there are ample authorities, the reasoning of which is convincing to the court, to the effect that a partnership dissolved by death of one of the partners may be adjudged a bankrupt, and the surviving partners may also be individually so adjudged. In re Coe (D. C.) 157 Fed. 308; In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re L. Stein & Co., 127 Fed. 547, 62 C. C. A. 272, and cases therein cited; Loveland on Bankruptcy (4th Ed.) p. 530, § 256.

[4] Objection (d). If a partnership dissolved by death and the surviving partners may be adjudged bankrupt, the natural sequitur is that all the rights under the Bankruptcy Act apply, among which is the right to offer and have accepted a composition. Objection is made that this would be unjust to the creditors, because it would *cancel the debt* and prevent collection of any part thereof from the estate of the deceased partner. But a composition does not have the effect of *canceling the debt*, but merely prevents the enforcement of it against those debtors who are parties to the bankruptcy proceedings, and that is, in this case, the partnership assets of E. W. Adams & Co. and the two surviving partners individually. Loveland on Bankruptcy (4th Ed.) p. 1280, § 702; Remington on Bankruptcy (2d Ed.) § 2350, and citations; Collier on Bankruptcy (12th Ed.) p. 417, § 16; Black on Bankruptcy, § 661, citing In re Burchell (D. C.) 4 Fed. 406, and other cases.

The motion to dismiss the petition and the composition proceedings herein is accordingly denied.