## In re LOMONT et al.

(District Court, D. Indiana, Ft. Wayne Division. December 30, 1925.)

No. 914.

1. Bankruptcy 69—Partnership may be adjudged bankrupt, even after dissolution.

In view of Bankruptcy Act, §§ 1, 5a (Comp. St. §§ 9585, 9589), a partnership may be adjudged a bankrupt, even after it has been dissolved by the death of one of the partners or otherwise.

2. Bankruptcy 20(2)—Appointment of receiver for partnership by state court does not preclude federal court from assuming jurisdiction in bankruptcy.

A federal court may assume jurisdiction in bankruptcy of a partnership and appoint a receiver, notwithstanding a state court had prior thereto appointed a receiver, who took charge of assets of partnership.

In Bankruptcy. In the matter of Clement J. Lomont and John A. Lomont, partners doing business under the name of the

Wayne Motor Service Company, bankrupts. On motion of Clement J. Lomont, surviving partner, to abate the action and proceeding in bankruptcy and to discharge receiver. Motion overruled.

Harry F. Kennerk, of Ft. Wayne, Ind., for petitioners.

William C. Ryan, of Ft. Wayne, Ind., for Clement J. Lomont.

SLICK, District Judge. Prior to the month of November, 1923, Clement J. Lomont and John A. Lomont were partners doing business under the name of the Wayne Motor Service Company in the city of Ft. Wayne, Ind. In November, 1923, John A. Lomont died, leaving Clement J. Lomont his surviving partner. Under and by virtue of the laws of the state of Indiana, it became the duty of the surviving partner to make a full, complete, and true inventory of the partnership estate, which was done. Under another statute, the circuit court of Allen county appointed a receiver, who took charge of the assets of the partnership. In April, 1925, an involuntary petition in bankruptcy was filed, and a receiver was appointed to take charge of the assets during the pendency of the bankruptcy proceeding.

In May, 1925, Clement J. Lomont, the surviving partner, entered a special appearance in the bankruptcy matter and moved the court to abate the action and proceeding in bankruptcy and to discharge the receiver in the bankruptcy proceeding, setting up the facts as above recited. He contends that, if there had been no court proceedings in the state court, then the federal court would have had jurisdiction in bankruptcy, but that, after the state court had assumed jurisdiction and appointed a receiver, this court should not assume jurisdiction in bankruptcy. It is true that some of the earlier decisions and text-books hold that, after the death of one partner, no bankruptcy proceeding can thereafter be instituted against the partnership entity; but most of these decisions were under the Bankruptcy Act of 1867 (14 Stat. 517). The Circuit Court of Appeals for this circuit has held the contrary in Re L. Stein & Co., 127 F. 547, 62 C. C. A. 272. In this case, decided by Judges Jenkins and Baker, it is held that a partnership may be adjudged bankrupt after the proven insanity of one of the partners.

[1] Section 1 of the Bankruptcy Act (Comp. St. § 9585) provides that "'persons' shall include * * * partnerships," and section 5a of the same act (Comp. St. § 9589) provides: "A partnership, during the continuance of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt." It appears clear that Congress intended that a partnership may be adjudged a bankrupt, even after it has been dissolved by the death of one of the partners or otherwise.

[2] In re Wells, in the District Court for the Southern District of Ohio, decided in 1924, 298 F. 109, is a case very similar in all its aspects to the case at bar, and the court, in deciding that case, said: "We are of the opinion that the rule of comity which precludes a court of bankruptcy from interfering with the possession of assets of the bankrupt estate in the actual custody and control of a state court of competent jurisdiction does not here apply."

Under the rule laid down in this case and the case of In re Stein & Co., supra, as well as the decisions, In re Adams & Co. (D. C.) 283 F. 431, and Meek v. Centre County Banking Co. et al. (C. C. A.) 292 F. 116, it seems clear that it is the plain duty of the court to continue the bankruptcy proceeding, and for this reason the plea in abatement and motion to dismiss the bankruptcy proceedings are overruled.