## PEARSON et al. v. HIGGINS.
### No. 6296.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1931.

George D. Collins, Jr., of San Francisco, Cal., for appellants.

Torregano & Stark, of San Francisco, Cal., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from a turnover order in a bankruptcy proceeding. The question involved was stated upon a former appeal in which the jurisdiction of the referee in bankruptcy to determine the controversy as to the uncompleted boat named "Saxon" was attacked. The jurisdiction of the referee to determine that question was upheld and the case was remanded for further proceedings. Pearson v. Higgins (C. C. A.) 34 F. (2d) 27. The appellants answered the trustee's petition for a turnover order, asserting that the boat was partnership property and that Arvid Pearson, as a member of the partnership, was entitled to possession of the partnership property and to liquidate its affairs.

The only evidence introduced before the referee was an agreement between the bankrupt Morgan and the appellant Pearson dated August 19, 1927, and a letter by appellant Pearson addressed to the bankrupt dated June 15, 1928, four days before the petition in bankruptcy was filed by the bankrupt (June 19, 1928). The written contract was clearly one of copartnership. It provided that the parties should mutually devote all of their working time to the completion of the yacht; that appellant Pearson had paid $1,300 cash toward the purchase of the one-third interest in the completed vessel and that his labor upon the boat should be credited to his one-third interest; and that if it were not sufficient to pay one-third of the cost of the boat he would pay $25 per month addi-

tional from his share of the receipts derived from the joint use of the vessel. The profits of the operation of the vessel were to be shared equally. The agreement was to take effect August 9, 1927, and to hold good until October 1, 1929. It was provided that during that time the appellant Pearson was to pay to the bankrupt the equivalent in value of one-sixth of the vessel so as to make him half owner of the vessel. The letter referred to was as follows:

"Dear Sir: I hereby rescind and you are hereby notified of said rescission of that particular contract entered into by you and the undersigned on the 19th day of August, 1927, relative to the purchase of an interest in the boat 'Saxon'. Said rescission is made upon the grounds that you fraudulently misrepresented certain facts concerning said boat 'Saxon'.

"Dated this 15th day of June, 1928.
"Arvid Pearson."

By the terms of this agreement the boat undoubtedly became partnership property. It is not seriously contended otherwise. The referee, however, by his order dated January 31, 1930, determined that the trustee in bankruptcy "was entitled to the immediate sole and exclusive possession of said boat for the purpose of administering thereon in the bankruptcy proceeding of the bankrupt herein; to sell same and to distribute the proceeds of said sale in the payments of claims arising in the administration of said estate according to law." It was determined that the letter of June 15, 1928, "was delivered to the bankrupt rescinding said partnership agreement of August 19, 1927," and "that by reason of the letter of rescission as aforesaid, the partnership of the bankrupt and Arvid Pearson was dissolved, and that at the time the petition in bankruptcy was filed by the bankrupt herein, Arvid Pearson was not a member of a copartnership composed of the bankrupt and Arvid Pearson. * * * That at the time of the filing of the petition in bankruptcy herein the bankrupt was the surviving partner of said copartnership and that at the time of the filing of the petition in bankruptcy, said bankrupt, surviving partner, was entitled to the possession of the partnership assets. * * * That Arvid Pearson and A. J. Hennessy, or either of them, have no right, title, interest, claim or lien on said partnership assets, to wit, the said boat 'Saxon', except as general unsecured creditors of said bankrupt, if at all."

Appellants filed a petition for review, and the referee made a certificate on such petition certifying that no witnesses were examined in the matter; that the evidence consisted solely of the partnership agreement and the letter of rescission. The District Court denied the petition for review and affirmed the order of the referee. This appeal is taken from that order.

It appears from the opinion of the referee, referred to in his certificate on the petition for review, that he was of opinion that the effect of the letter of June 15, 1928, was to rescind the partnership agreement and vest complete title in the partnership property in the bankrupt, and that the appellant Pearson merely retained a claim against the bankrupt for the amount he had invested in the partnership. The Civil Code of California requires that in order to rescind a contract on the ground of fraud it is essential for the party rescinding to tender to the other party to the contract to be rescinded anything of value which he had received thereunder. Cal. Civ. Code, §§ 1689, 1691. This was not done by the appellant, who had acquired a one-third interest in the vessel by the partnership contract. The notice was therefore ineffective as a notice of rescission. It did not operate under the law to terminate the contract. The appellant certainly did not intend to surrender his interest in the vessel without a repayment of the purchase price.

It appears from the opinion of the referee that he not only considered the effect of the notice of June 15, 1928, as a rescission of the contract of copartnership, but also treated it as an expression of the will of the appellant Pearson to terminate the partnership and concluded that under the provisions of section 2451 of the Civil Code of California, in force at the time the notice was given, the effect of the notice was to dissolve the copartnership. See, also, section 2450, Civ. Code. The referee concluded that as the partnership was dissolved on the 15th of June the trustee was entitled to the possession of the boat. The referee states his conclusion in his opinion as follows: "While the referee is of the opinion that the trustee is entitled to administer on the boat by reason of Pearson's withdrawal from the partnership prior to Morgan's adjudication, he is also of the opinion that Pearson's notice of rescission sufficiently complied with the provisions of the Civil Code relating to rescissions of contracts."

Assuming, as the referee held, that the letter of June 15th was an expression of the will of Pearson that the copartnership termi-

nate, although it does not so state, it does not follow that the trustee in bankruptcy is entitled to the possession of the partnership assets. A notice of dissolution by one partner to his copartner does dissolve the partnership but does not terminate a partnership relationship. It is still necessary for the affairs of the copartnership to be settled, and the statutes of California, in conformity with the general law upon that subject, provide that unless by consent of all the partners one or more of them are selected to liquidate its affairs, any member of a general copartnership may act in liquidation and for that purpose may dispose of the partnership property, collect its assets, and settle the claims against it. Cal. Civ. Code, §§ 2459, 2460, 2461. We think that appellant Pearson and the bankrupt were partners at the time of the filing of the petition in bankruptcy within the meaning of section 5, subdivision (h), of the Bankruptcy Act (30 Stat. 547, ch. 541, § 5), which authorizes the solvent partner to settle the partnership business. This view is somewhat strengthened by the fact that section 5, subdivision (a), 11 USCA § 23 (a), provides that a partnership, after its dissolution and before final settlement, may be adjudged a bankrupt. This court, in Holmes v. Baker & Hamilton, 160 F. 922, 923, had occasion to consider this subject. In that case C. H. Holmes claimed that he had severed his connection with the copartnership several months before the act of insolvency and that he transferred his interest in the partnership to Park and had severed his connection therewith. He claimed, therefore, that the firm having long ceased to exist, it could not have committed an act of bankruptcy. In answer to this contention, the court, in an opinion by Judge Gilbert, held that he was a party to the act of bankruptcy, stating: "The rule is well settled that, where assets or debts of a partnership remain after dissolution, the partnership is considered as subsisting as to its creditors until its property is subjected to the satisfaction of their claims. In re Crockett et al., 2 Ben. 514, Fed. Cas. No. 3,402; In re Foster, 3 Ben. 386, Fed. Cas. No. 4,962; In re Noonan, 3 Biss. 491, Fed. Cas. No. 10,292; In re Stowers et al., 1 Lowell, 528, Fed. Cas. No. 13,516; In re Hirsch et al. (D. C.) 97 F. 571. The bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), in recognition of this rule, provides in section 5a that a partnership during the continuance of the partnership business or after its dissolution, and before the final settlement thereof, may be adjudged a bankrupt, and section 5c provides that the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property. See In re L. Stein & Co., 127 F. 547, 62 C. C. A. 272. * * * It was an act of omission, the failure to discharge the levy of the execution, a duty which rested as much upon the appellant as upon any member of the firm. Notwithstanding the dissolution of the copartnership, it remained, as it was before, the appellant's duty to see that the property of the copartnership was devoted to the payment of the partnership debts, as to which he had not been released."

In Remington on Bankruptcy, § 2906, it is said: "A trustee in bankruptcy of an individual partner has no right to interfere with the firm assets without the consent of the partner in bankruptcy." See, also, Mills v. J. H. Fisher & Co. (C. C. A.) 159 F. 897, 16 L. R. A. (N. S.) 656.

The boat in question being partnership property, Pearson, notwithstanding his letter of June 15, 1928, is entitled to the possession thereof for the purpose of liquidating the affairs of the partnership.

The order of the referee and of the District Court affirming that order will be reversed, and the case remanded to the District Court, with instructions to referee to order the boat turned over to the appellant Pearson to be disposed of as an asset of the copartnership in liquidation of the affairs of the copartnership.