HOLMES v. BAKER & HAMILTON et al.

(Circuit Court of Appeals, Ninth Circuit. February 24, 1908.)

No. 1,513.

1. PARTNERSHIP—DISSOLUTION—CONTINUANCE FOR PAYMENT OF DEBTS.

Where assets or debts of a partnership remain after dissolution, the partnership is considered as subsisting as to its creditors until its property is subjected to the satisfaction of their claims.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, §§ 624–644.]

2. BANKRUPTCY—PARTNERSHIP—ACT OF BANKRUPTCY—DUTY OF RETIRING PARTNER.

Bankr. Act July 1, 1898, c. 541, § 5a, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424], declares that a partnership during the continuance of the firm business or after its dissolution and before final settlement may be adjudged a bankrupt, and section 5c provides that the bankruptcy court which has jurisdiction of one of the partners may have jurisdiction of all of the partners and of the administration of the partnership and individual property. *Held* that, where a partnership was insolvent at the date of its dissolution, and thereafter an execution was levied on the firm's property for a partnership debt, the duty devolved on the retiring partner to discharge such levy, as well as on any other members of the firm, and a failure so to do constituted an act of bankruptcy, justifying an adjudication against the firm, and also against its members, including such retiring partner.

Appeal from the District Court of the United States for the Eastern Division of the Eastern District of Washington.

In a petition of the creditors of the firm of C. H. Holmes & Co., filed on August 18, 1906, praying that the firm and each member thereof be adjudged bankrupt, it was alleged that the said partnership and each of its members are and have been insolvent since May 1, 1906, that the said firm committed an act of bankruptcy in permitting one of its creditors to obtain a preference through legal proceedings against the firm, resulting, on July 12, 1906, in a judgment upon which execution was issued and levy made on the stock of goods of the said firm, which goods were advertised to be sold by the sheriff on August 21, 1906, and that neither the firm nor any of its members have done aught to vacate or discharge said preference. The appellant, C. H. Holmes, who was one of the members of said partnership, answered the petition, alleging that on March 27, 1906, for a good and valuable consideration he had sold and transferred to his copartner Park all his interest in the firm and severed his connection with the same and its business. On these pleadings and the stipulation that at the time of its dissolution on March 27, 1906, the partnership was insolvent, the said partnership and each member thereof was adjudged bankrupt.

O. C. Moore, D. W. Henley, and A. G. Kellam, for appellant.
W. H. Winfree and B. C. Mosby, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is assigned as error that the District Court adjudged the appellant a bankrupt. It is contended that the failure of the appellant to release and discharge the preference of the execution creditor was not an act of bankruptcy on his part, the debt not being his debt, nor the merchandise levied on his property, but that of a firm with which he had severed his connection months prior thereto, and it is argued that at

the time of the alleged act of bankruptcy the firm had long ceased to exist, and that no act can be committed by a nonexisting entity. The vice of this argument is that it assumes that an insolvent partnership at the time of its dissolution ceases to be an entity. The rule is well settled that, where assets or debts of a partnership remain after dissolution, the partnership is considered as subsisting as to its creditors until its property is subjected to the satisfaction of their claims. In re Crockett et al., 2 Ben. 514, Fed. Cas. No. 3,402; In re Foster, 3 Ben. 386, Fed. Cas. No. 4,962; In re Noonan, 3 Biss. 491, Fed. Cas. No. 10,292; In re Stowers et al., 1 Lowell, 528, Fed. Cas. No. 13,516; In re Hirsch et al. (D. C.) 97 Fed. 571. The bankruptcy act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], in recognition of this rule, provides in section 5a that a partnership during the continuance of the partnership business or after its dissolution, and before the final settlement thereof, may be adjudged a bankrupt, and section 5c provides that the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property. See In re L. Stein & Co., 127 Fed. 547, 62 C. C. A. 272.

It is true that an individual member of a firm cannot be adjudged a bankrupt for an act of bankruptcy not committed by him or in which he did not participate (In re Meyer, 98 Fed. 976, 39 C. C. A. 368); but that is not the case here presented. The act of bankruptcy in this case was committed by all the members of the firm. It was an act of omission, the failure to discharge the levy of the execution, a duty which rested as much upon the appellant as upon any member of the firm. Notwithstanding the dissolution of the copartnership, it remained, as it was before, the appellant's duty to see that the property of the copartnership was devoted to the payment of the partnership debts, as to which he had not been released.

The adjudication is affirmed.