In re PINSON & CO. et al.

(District Court, N. D. Alabama, S. D. August 6, 1910.)

No. 10,376.

1. BANKRUPTCY (§ 58*)—ACTS OF BANKRUPTCY—PREFERENCE.

Where an alleged bankrupt, while insolvent and within four months prior to the filing of the petition, paid to his wife in settlement of an alleged indebtedness the proceeds of certain fire insurance policies received in settlement of a loss on his stock of goods, he thereby committed an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 78, 79; Dec. Dig. § 58.*]

2. BANKRUPTCY (§ 69*)—PARTNERSHIP—ESSENTIALS TO ADJUDICATION—"CONTINUANCE OF PARTNERSHIP."

Bankr. Act July 1, 1898, c. 541, § 5, subd. "a," 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), authorizes adjudication of a partnership during the continuance of the partnership business, or after its dissolution and before final settlement. Held, that the continuance of a partnership within such section meant its actual status as a firm, as distinguished from a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

status created by estoppel against a partner, and that it was therefore essential that the partnership should exist as such, or that its affairs should be still unsettled at the time of the filing of a petition, in order to subject it to adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 51; Dec. Dig. § 69.*]

3. BANKRUPTCY (§ 69*)—DISSOLVED PARTNERSHIP—ESTOPPEL.

The bankruptcy law provides no method of distribution by which creditors of a partnership without notice of dissolution and who could thereby claim an estoppel would alone participate; the proper method in such a situation being to administer the property as individual property, set aside the bankrupt's exemption, and remit the creditors entitled to claim an estoppel to the state court, to subject the property to their claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 52; Dec. Dig. § 69.*]

4. BANKRUPTCY (§ 69*)—PARTNERSHIP—ADJUDICATION—"UNSETTLED AFFAIRS."

The affairs of a partnership are "unsettled" so as to subject it to bankruptcy adjudication, as authorized by Bankr. Act July 1, 1898, c. 541, § 5, subd. "a," 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), so long as the partnership debts are unpaid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 51, 52; Dec. Dig. § 69.*]

5. BANKRUPTCY (§ 69*)—PARTNERSHIP—DEBTS—"FIRM DEBTS."

Debts which are binding on partners only by estoppel as to creditors without notice of dissolution are not "firm debts," the nonpayment of which will authorize bankruptcy adjudication against the firm.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 69.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 8, p. 7628.]

6. BANKRUPTCY (§ 74*)—PARTNERSHIP—DISSOLUTION—UNPAID DEBTS.

Where, at the time a bankruptcy petition was filed against a dissolved partnership, its outstanding indebtedness, excluding such as was created subsequent to the dissolution and which became that of the partnership only by estoppel in favor of such creditors as had no notice of its dissolution, was not shown to amount to $1,000, the adjudication would be denied.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 74.*]

In the matter of M. A. Pinson and Pinson & Co., alleged bankrupts. On petition for adjudication. Granted as to Pinson, and denied as to the firm.

Thompson & Thompson, for petitioning creditors.
Perdue & Cox, for bankrupt.

GRUBB, District Judge. This cause comes on for hearing upon the prayer of the petition for an adjudication. The evidence is without conflict that the bankrupt, M. A. Pinson, within four months of the filing of the petition committed an act of bankruptcy, in that he paid to his wife, in settlement of an alleged indebtedness and while he was insolvent, the proceeds of certain fire insurance policies, the indemnity for a loss on his stock of goods, and an adjudication against him is granted.

The inquiry as to whether the firm of Pinson & Co. is subject to adjudication for the same act of bankruptcy depends upon whether,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

up to the time of the filing of the petition in bankruptcy, there had been a continuation of the partnership business, or had been no final settlement of its affairs. The evidence shows that the firm was dissolved as between the partners in December, 1909. One of the partners, M. A. Pinson, bought out his partner and continued the business until the petition was filed. The petitioning creditors contend that, in the absence of notice of the dissolution, the bankrupt firm is estopped to deny on the hearing, as against subsequent creditors having no actual notice, the continued existence of the firm up to the time of the filing of the petition in bankruptcy, and that an adjudication of the firm should follow, though the partnership had been dissolved in December and its affairs so settled up that less than $1,000 of firm indebtedness remained outstanding at the time the petition was filed. They also contend that debts created by the continuing member of the firm after its dissolution were by estoppel firm debts.

The bankruptcy act (Act July 1, 1898, c. 541, § 5, subd. "a," 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), provides that "a partnership, during the continuation of the partnership business or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt." It is essential that (1) the existence of the partnership or (2) the fact that its affairs are still unsettled at the time of the filing of the petition be shown by the petitioning creditors.

(1) The existence of the partnership within the meaning of this section is its actual status as distinguished from a status created by estoppel against the former partner. If it has been dissolved by the partners inter sese before the filing of the petition, it is not thereafter an existing partnership, and the proceedings in bankruptcy cannot be said to have been instituted "during the continuation of the partnership business," nor can debts created thereafter by the continuing partner be considered partnership debts. The jurisdiction of the bankruptcy court to adjudicate and administer attaches only upon a showing of an actually existing partnership, constituting a legal entity at the time of the filing of the petition. In re Kenney (D. C.) 97 Fed. 554; Lott v. Young, 109 Fed. 798, 48 C. C. A. 654; Jones v. Burnham, 138 Fed. 986, 71 C. C. A. 240; In re Beckwith (D. C.) 130 Fed. 475; Buffalo Mining Co. v. Lewisburg Dairy Co. (D. C.) 20 Am. Bankr. Rep. 279, 159 Fed. 319. It may well be that some of the creditors whose claims were created after dissolution had actual notice thereof, while others had not. The estoppel would therefore work in favor of a part only of such subsequent creditors. The administration of the partnership estate in bankruptcy, however, is single and for the benefit of all general and unsecured creditors equally; and all such creditors in the event of a partnership adjudication would be entitled to treat the property of the former partnership as partnership assets, if any of them had that right. In that event, the continuing member could not claim the former partnership assets exempt as against any of his creditors. This result would be manifestly unfair to the bankrupt, as to those creditors having actual notice of the dissolution of the partnership, in that it would deprive him of the right to claim as exempt property which, as to such creditors, would be his individual property and so subject to his claim of exemption. The bankrupt law

provides no method of distribution in which creditors without notice and who could thereby claim the estoppel would alone participate. The proper method to protect such creditors and at the same time do the bankrupt no injustice would seem to be for the bankruptcy court to administer the property as individual property, set aside the bankrupt's exemption in it, remitting those creditors, who alone have the right to claim the estoppel, to the state court to subject such property to their claims as in the case of creditors who hold the bankrupt's waiver of exemption.

(2) The act also provides for the adjudication of a partnership, so long as its affairs are unsettled. If there are outstanding firm debts at the time of the filing of the petition in the requisite amount, a proper case is made for adjudication, the other elements being present, though the partnership has long ceased to do business; otherwise, not. The partnership affairs are unsettled within the meaning of this section so long as partnership debts are left unpaid. Debts which are binding on the partners only by estoppel as to creditors without notice of dissolution are not firm debts. The administration might be of no avail if there were no assets, partnership or individual, for distribution; but the jurisdiction of the court to adjudicate would exist nevertheless, and it would be properly exercised for the purpose of affording opportunity to the firm creditors, through the appointment of a trustee, to discover such assets. Holmes v. Baker & Hamilton, 20 Am. Bankr. Rep. 252, 160 Fed. 922, 88 C. C. A. 104.

As the proof fails to show that the petition was filed during the continuation of the partnership business, as herein defined, or that the outstanding indebtedness at that time, excluding such as was created subsequent to the dissolution and which became that of the partnership only by estoppel in favor of such creditors as had no notice of its dissolution amounted to $1,000, the adjudication of the partnership is denied.