### In re FACKELMAN.

(District Court, S. D. California, S. D.   February 18, 1918.)

#### No. 2755.

1. PARTNERSHIP &#x21dd;95—SALES OF INTEREST—INSOLVENCY.

A member of a partnership may despite the insolvency of the firm in good faith and for a valuable consideration sell his interest to a copartner.

2. PARTNERSHIP &#x21dd;226—DISSOLUTION—SALE—EFFECT.

Where one of two members of a partnership sells his interest to the sole copartner, the firm is thereby dissolved, and, though partnership creditors cannot be deprived of their right to proceed against either member of the previous copartnership, they proceed against them individually and not as copartners.

3. PARTNERSHIP &#x21dd;183(3)—DEBTS—PRIORITIES.

The rule requiring partnership property to be applied in satisfaction of partnership debts in preference to the individual debts of the respective parties depends upon the partnership being maintained intact, and if before interposition of the court is asked, the property has ceased to belong to the partnership, and by a bona fide transfer has become the several property either of one partner, or of a third person, the priority of the partnership creditors is lost.

4. BANKRUPTCY &#x21dd;67—DEATH OF INSOLVENT—EFFECT.

On death of an insolvent, creditors cannot resort to proceedings in bankruptcy, but are under the necessity of submitting to the jurisdiction and judgment of the probate court.

5. PARTNERSHIP &#x21dd;258(2)—JURISDICTION—SURVIVING PARTNER.

Where one member of a partnership doing business in California sold his interest to his copartner and removed to Nebraska, and thereafter the purchaser did business in his own name until his death, former creditors of the partnership cannot institute in the District Court for California proceedings against the seller on the theory that he was a surviving partner, for the partnership was dissolved, and there is no firm entity which would entitle the creditors to maintain such proceedings.

6. BANKRUPTCY &#x21dd;14—JURISDICTION—RESIDENCE.

Where a member of a California partnership sold his interest and removed to Nebraska, establishing his residence there and carrying on no business in California for more than three months prior to the initiation of proceedings, the District Court for California is, notwithstanding his insolvency, without jurisdiction under Bankruptcy Act July 1, 1898, c. 541, § 2, subd. 1, 30 Stat. 545 (Comp. St. 1916, § 9586), to adjudicate him a bankrupt as an individual.

In Bankruptcy. In the matter of the bankruptcy of H. C. Fackelman, as surviving partner of Pomeroy & Fackelman, a copartnership, and H. C. Fackelman, individually. On exceptions to the findings and conclusions of the special master that Fackelman, as surviving part-

---

ner and individually, should be adjudged a bankrupt, and also on motion to dismiss the proceedings on the ground that the court is without jurisdiction because Fackelman had not had his principal place of business or resided within the territorial jurisdiction of the court for the greater part of six months next preceding the filing of the petition. Report of master disapproved, and motion to dismiss proceeding in its entirety, for want of jurisdiction, granted.

H. C. Fackelman and J. R. Pomeroy, for some time prior to the 18th of April, 1916, owned and conducted a partnership grocery store in San Diego. On that date the firm was probably insolvent, owing debts to the amount of about $5,000. Fackelman entered into an agreement with Pomeroy to sell to him his entire interest in the firm, for the sum of $2,500. The deal being consummated, $2,400 of that sum was applied by Fackelman in satisfaction of certain indebtednesses of the firm. Thereupon Fackelman left San Diego, returning to Nebraska, to make it his permanent place of residence; there he has continuously resided since the middle of May, 1916. A bill of sale evidencing the transaction was given by Fackelman to Pomeroy, notice of the sale as required by state statute was recorded, and the understanding seems to have been that a complete transfer of all of Fackelman's interest was conveyed to Pomeroy, and that Fackelman was no longer concerned or connected in any way with the business or management of the store.

Immediately after this transfer of interest the account of the firm at the bank was changed from "Pomeroy & Fackleman" to "J. R. Pomeroy," and the latter seems to have assumed immediate personal and exclusive control of the business. He died, however, on the 1st of June, 1916, and in due course his father, H. R. Pomeroy, was appointed administrator of his estate in probate proceedings regularly had in San Diego county, and as such administrator continued to carry on the business and to administer the estate. In consequence, apparently, of certain steps taken in the probate proceedings whereby a family allowance was granted to the widow, etc., and because of nonpayment of certain partnership debts hereinabove referred to, an involuntary petition in bankruptcy was filed by creditors on the 19th of October, 1916, showing the existence of certain debts and alleging that Fackelman, as the surviving partner of the partnership, had neglected to close up its affairs and that it was still unsettled. An adjudication as to the partnership and as to Fackelman as an individual was asked. Service was had upon him in Nebraska.

Jas. G. Pfanstiel, of San Diego, Cal., and Harry Archbald, of Los Angeles, Cal., for petitioning creditors.

F. L. Richardson, of San Diego, Cal., for respondent.

BLEDSOE, District Judge (after stating the facts as above). The case is before the court on exceptions to the findings and conclusions of the special master to the effect that Fackelman, as surviving partner of Pomeroy & Fackelman, a copartnership, and individually, is and should be adjudged a bankrupt, and also on motion to dismiss the proceedings on the ground that the court is without jurisdiction to entertain the same, because Fackelman has not had his principal place of business, resided, or had his domicile within the territorial jurisdiction of the court for the greater portion of six months next preceding the filing of the petition, as required by Bankruptcy Act, § 2.

[1-5] Under the law, there seems to be no doubt but that a member of a partnership may, in good faith, and for a valuable consideration, sell and transfer his interest in the partnership to a copartner. The insolvency of the partnership does not work a denial of this right. 30 Cyc. 540; Sargent v. Blake, 160 Fed. 57, 87 C. C. A. 213, 17 L.

R. A. (N. S.) 1040. 15 Ann. Cas. 58; Mechem. Elements of Partnership, § 298; Remington on Bankruptcy, § 2269. If such sale be to a sole copartner, the partnership is thereby dissolved, and, though the partnership creditors may not thereby be deprived of their right to proceed against either member of the previous copartnership, yet they proceed against them individually, and not in any sense as copartners.

The rule of administration (Sargent v. Blake, supra) requiring the partnership property to be applied in satisfaction of the partnership debts in preference to the individual debts of the respective partners depends, however, upon the partnership being maintained intact; but "if, before the interposition of the court is asked, the property has ceased to belong to the partnership, if by a bona fide transfer it has become the several property either of one partner or of a third person, the equities of the partners are extinguished, and consequently the derivative equities of the creditors are at an end. It is therefore always essential to any preferential right of the creditors that there shall be property owned by the partnership when the claim for preference is sought to be enforced. * * * The joint estate is converted into the separate estate of the assignee by force of the contract of assignment." Case v. Beauregard, 99 U. S. 119, 125, 25 L. Ed. 370. In Fitzpatrick v. Flannagan, 106 U. S. 648, 655, 1 Sup. Ct. 369, page 375 (27 L. Ed. 211), in speaking of the case just cited, the court said:

"In that case it was held, in respect to a firm admitted to be insolvent, that transfers made by the individual partners of their interest in the partnership property converted that property into individual property, terminated the equity of any partner to require the application thereof to the payment of the joint debts, and constituted a bar to a bill in equity filed by a partnership creditor to subject it to the payment of his debt; the relief prayed for being grounded on the claim that these transfers were in fraud of his rights as a creditor of the firm."

That these rules have not been modified by the provisions of the Bankruptcy Act, in view of the decisions, seems clear. The Circuit Court of Appeals of the Fourth Circuit, in Dalton v. Humphreys, 242 Fed. 777, 781, 155 C. C. A. 365, said:

"The doctrine of a separate partnership entity has been declared, more or less positively, in a number of cases, though with a refinement of reasoning, as it seems to us, that the ordinary mind does not follow with satisfaction. The Supreme Court, however, in Francis v. McNeal, 228 U. S. 695 [33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706], has pointed out the unsubstantial nature of this doctrine, and held, moreover, that the Bankruptcy Act * * * establishes no principles at variance with the common-law rules respecting partnership relations."

It follows, therefore, in my judgment, that after the sale of Fackelman's interest and the consequent dissolution of the partnership, the only remedy of the creditors was to proceed in some form of action against Fackelman and Pomeroy as individuals, or, perhaps, within the four months period provided by the Bankruptcy Act (section 3a, 3b [Comp. St. 1916, § 9587]), to have proceeded against the partnership, setting up the transfer of Fackelman's interest as being in fraud of their rights, etc. This they failed to do. Pomeroy, who retained

ownership and control of the business, died some weeks thereafter. After his decease, as to his, estate, no proceedings in bankruptcy could be had, and the creditors labored under the necessity of submitting to the jurisdiction and judgments of the probate court. Collier on Bankruptcy (11th Ed.) pp. 146, 147, 175.

[6] Fackelman, having departed the state and established his residence in another jurisdiction more than three months prior to initiation of bankruptcy proceedings (Bankruptcy Act, § 2 [1]), even if he be a bankrupt individually, is not subject to the jurisdiction of this court, and, in consequence, neither as to him can an adjudication be had.

I have not overlooked the decision of the Circuit Court of Appeals of this circuit in Holmes v. Baker & Hamilton, 160 Fed. 922, 88 C. C. A. 104, which may seem opposed to the conclusion announced herein. That decision does not cite or refer to Case v. Beauregard or Fitzpatrick v. Flannagan, supra, and it was written before the decision of the United States Supreme Court in Francis v. McNeal, supra, in which, as shown in Dalton v. Humphreys, supra, the entity doctrine was given substantial and compelling limitation. In addition, two facts of controlling force are present in the instant case, which seem to distinguish it from the one cited, viz., the death of the partner to whom the entire business was conveyed, and the departure of the other partner from the jurisdiction of the court, both long before the inception of the bankruptcy proceedings.

It follows that the report of the special master should be disapproved, and the motion to dismiss the proceeding in its entirety for want of jurisdiction should be granted.

Costs will be taxed against the petitioning creditors.