### In re MORGAN.

District Court, D. Massachusetts. May 2, 1928.

No. 40244.

**I. Bankruptcy ⊙══25—Petition filed after alleged bankrupt's death must be dismissed, and property turned over to administrator.**

Bankruptcy petition, filed on date subsequent to death of alleged bankrupt, must be dismissed, and property turned over to administrator.

**2. Bankruptcy ⊙══114(1)—Acts of receivers appointed under petition in bankruptcy, not showing lack of jurisdiction on face of papers, were not void ab initio.**

Where lack of jurisdiction of bankruptcy petition because of death of bankrupt previous to filing petition nowhere appeared on face of papers, and order appointing receivers was regularly entered, and possession of property taken thereunder, acts of receivers were not void ab initio, and account will be settled according to usual practice, as modified by unusual circumstances.

In Bankruptcy. Application to declare Otto F. Morgan bankrupt. On motion to dismiss for lack of jurisdiction. Petition dismissed, with directions.

Dolan, Morson & Stebbins, of Boston, Mass., for Louise Morgan.

Hale & Dorr, of Boston, Mass., for Union Nat. Bank of Watertown.

MORTON, District Judge. This case was heard in open court on a motion to dismiss for lack of jurisdiction, upon the ground that at the time when the petition was filed Morgan was dead. The date of the filing was March 1, 1928; service was by leaving a subpœna at the last and usual place of abode.

I find the facts to be as follows: Morgan was a dealer in automobiles. His business

affairs were in a very serious condition; he was deeply insolvent, and, on the evidence as it stands, it appears not impossible that criminal liability on his part was involved. He disappeared on the night of February 24–25, 1928, and was never seen again. His automobile was discovered, early in the morning of February 25th, standing vacant on the Cambridge bridge. About six weeks later his body was discovered in the Basin. On all the evidence, I entertain no doubt that he committed suicide during the night on which he disappeared; and I so find.

[1, 2] It follows that the bankruptcy petition must be dismissed, and the receivers directed to turn the property over to Morgan's administrator. Inasmuch, however, as the lack of jurisdiction nowhere appeared on the face of the papers, and the order appointing receivers was regularly entered, and the receivers took possession of what had been Morgan's property under it, their acts were not void ab initio, and they will settle their account here according to the usual practice, modified as the unusual circumstances may require. See Waters v. Stickney, 12 Allen (Mass.) 1, at page 15, 90 Am. Dec. 122.