DOLORES HELEN WHITE, administratrix, *vs.* EDWARD A. CORMIER, administrator.

Plymouth. May 8, 1942. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Executor and Administrator,* Claim by or against estate, Claim for death, Insolvent estate, Limitation of actions. *Negligence,* Causing death. *Bankruptcy,* Estate of decedent. *Jurisdiction,* Estate of decedent. *Practice, Civil,* Premature proceeding.

The administrator of one whose death was caused by negligence of the operator of a motor vehicle was, after the death of such operator, a creditor of his estate having a claim which would be affected by insolvency of the estate within G. L. (Ter. Ed.) c. 197, § 1, and under that statute was not entitled to commence an action to enforce his claim within six months after the administrator of the estate of the operator gave his bond.

The provisions of G. L. (Ter. Ed.) c. 198 relative to the settlement of insolvent estates of deceased persons, not the Federal bankruptcy act, govern the determination of the question whether a claim against a decedent's estate would be "affected by" its insolvency within c. 197, § 1.

TORT. Writ in the District Court of Brockton dated November 27, 1936.

On removal to the Superior Court the case was tried before *Williams,* J.

*H. F. Blunt,* for the plaintiff.

*E. J. Campbell,* (*R. Lederman* with him,) for the defendant.

DOLAN, J. This is an action under G. L. (Ter. Ed.) c. 229, § 5, to recover for the death of the plaintiff's intestate, caused by the negligence of the defendant's intestate. A count for conscious suffering was waived by the plaintiff. Upon motion of the defendant the judge directed the jury

to return a verdict for the defendant on the ground that the action was prematurely brought. The plaintiff duly excepted to that action of the judge. The only question presented for determination by us is whether the action was prematurely brought.

The relevant facts follow. On December 24, 1935, the defendant's intestate was operating an automobile in which the plaintiff's intestate was riding as a passenger. The vehicle "went off" a public highway in the town of Abington and struck a tree with great force. As a result the plaintiff's intestate sustained injuries from which she died, if not at once, within a few minutes. The defendant's intestate also died on the same day as a result of the injuries sustained by her.

The plaintiff was appointed administratrix of the estate of her intestate on July 1, 1936, and duly qualified by giving bond on that day. The defendant was appointed and duly qualified as administrator of the estate of his intestate on November 5, 1936. The present action was begun by writ dated November 27, 1936, and service thereof was made on the defendant on November 28, 1936. Under G. L. (Ter. Ed.) c. 260, § 4, limiting the time for bringing actions for bodily injury or death, the payment of judgments in which is required to be secured by c. 90, to one year from the time the cause of action accrues, the present action would have been barred on December 26, 1936. (See now, however, St. 1937, c. 406, § 2, amending G. L. [Ter. Ed.] c. 260, § 10.)

General Laws (Ter. Ed.) c. 197, § 1, provides as follows: "An executor or· administrator shall not be held to answer to an action by a creditor of the deceased commenced within six months after his giving bond for the performance of his trust, unless such action is brought for the recovery of a demand which would not be affected by the insolvency of the estate or, after the estate has been represented insolvent, for the purpose of ascertaining a contested claim."

The sole contentions of the plaintiff are that, with respect to the present cause of action, she is not a creditor

of the deceased within the meaning of § 1, and that the action is brought for the recovery of a demand that would not be affected by any insolvency of the estate of the defendant's intestate. We do not sustain these contentions.

General Laws (Ter. Ed.) c. 193, § 1, Third, provides that in certain circumstances the probate courts may grant administration to one or more of the principal "creditors" of the deceased. In interpreting this statute, as well as predecessor statutes of like tenor, it has been held that according to the liberal construction given to it one is a creditor within its meaning who has a cause of action against the deceased which survives. *Smith* v. *Sherman,* 4 Cush. 408, 412. *Bianco* v. *Piscopo,* 263 Mass. 549, 552. *Gordon* v. *Shea,* 300 Mass. 95, 99. It is settled that a cause of action for death under the death statutes survives, *Putnam* v. *Savage,* 244 Mass. 83; and in *Bickford* v. *Furber,* 271 Mass. 94, an action brought under the death statute, the court said in substance that if the wrongdoer's widow or next of kin neglected to petition for the appointment of an administrator the plaintiff "as a creditor was entitled to do so" (page 98). It follows that the plaintiff in the present case was a creditor of the defendant's intestate within the meaning of c. 197, § 1.

With respect to the plaintiff's remaining contention, her sole argument in support thereof is that the action is not one which would be affected by the insolvency, if any, of the estate of the defendant's intestate, because liabilities for penalties for violation of a statute of a State are not provable in bankruptcy and are not released by a discharge therefrom. The plaintiff has cited U. S. C. (1940 ed.) Title 11, § 35, relative to debts not affected by a discharge in bankruptcy, among them, "liabilities . . . for willful and malicious injuries to the person or property of another," and has also cited several Federal decisions in support of her contention. That statute, as well as the cases cited, is not applicable in the present case. There is no Federal law of probate or of the administration of estates of deceased persons. *Rocca* v. *Thompson,* 223 U. S. 317, 329. See *Matter of D'Adamo,* 212 N. Y. 214.

· The settlement of the estate of the defendant's intestate is governed exclusively by our laws; the statutes of this Commonwealth relative to the settlement of insolvent estates of deceased persons, G. L. (Ter. Ed.) c. 198, §§ 1–33, are in full force and effect. Jurisdiction of that subject matter is not within the purview of the bankruptcy laws. *In re Fackelman,* 248 Fed. 565. *In re Morgan,* 26 Fed. (2d) 90. Section 1 of c. 198, provides for the "order of payment of debts" and that after the discharge of the expenses of the funeral and last sickness of the deceased and of the charges of administration, the estate shall be applied to the payment of debts in a prescribed order, preferences being accorded in proper order to four classes of debts, "Debts due to all other persons" being included in a fifth class, the last entitled to participate.

It has been decided that the reference in c. 197, § 1, relative to actions brought for the "recovery of a demand which would not be affected by the insolvency of the estate" was intended by the Legislature "to apply to preferred claims such as the expenses of the last sickness and funeral, taxes and some others" under c. 198, § 1, and that a "claim to recover damages in tort has none of the characteristics of a preferred claim." *Gallo* v. *Foley,* 296 Mass. 306, 308. It is true that the action in that case was for personal injuries and not for death, as here, but we are of opinion that the present action is governed by the same principles as to the subject matter under discussion, as those set forth in the *Gallo* case, and that the present action is for the recovery of a demand that would be affected by "the insolvency of the estate" of the defendant's intestate, and therefore does not come within the exception in c. 197, § 1, relied upon by the plaintiff.

*Exceptions overruled.*