**In the Matter of The ESTATE of Anselmo Falero MULERO composed of Mercedes Aponte Marquez, Anselmo, Rafael and Zoilo Falero Aponte.**

**No. 2144.**

United States District Court
D. Puerto Rico, San Juan Division.

Sept. 5, 1956.

Jose Raul Cancio, San Juan, P. R., for petitioner.

Jose Suro, San Juan, P. R., for bankrupt.

RUIZ-NAZARIO, District Judge.

The voluntary petition in this Bankruptcy proceeding is entitled "In the matter of Estate of Anselmo Falero Mulero composed of Mercedes Aponte Marquez, Anselmo, Rafael and Zoilo Falero Aponte." It is presented as "The Petition of the Estate of Anselmo Falero Mulero, residing at Jose de Diego in Cayey, State of Puerto Rico, by occupation a farmer, *who* states that *he* has not been known by any other name or trade name, for the past six years, other than Estate of Anselmo Falero Mulero."

The verified list of creditors, supplementing said petition, bears the same title and, although presented by Anselmo Falero, Jr., he expresses in it "That he is a *member* of the *estate that filed a bankruptcy petition herein*" and "That to the best of his knowledge the following are the creditors of the bankrupts herein:"

It does not appear either from the petition, from the verified list of creditors or from any portion of the record herein, that any of the creditors listed or having claims provable in bankruptcy are creditors of any of the persons composing said estate, individually; nor does it appear that the individual assets of said persons or of any of them have been

brought into these proceedings for administration and liquidation.

As a matter of routine an order of adjudication was entered on said debtor's petition.

Thereafter, San Miguel Fertilizer Corporation, one of the largest creditors listed by petitioner in the verified list of creditors supplementing the petition, filed a motion to dismiss said petition for lack of jurisdiction, alleging that the estate of a deceased debtor is not a person entitled to the benefits of the bankruptcy act as a voluntary bankrupt.

Said motion to dismiss was submitted to the court on briefs to be filed by counsel for the moving creditor and for the bankrupt. The brief on behalf of the former was filed in due course, but counsel for the bankrupt, although granted several extensions of time therefor, has failed to file his.

With reference to those who may become voluntary bankrupts, Title 11 U.S.C.A. § 22, sub. a, provides as follows:

"Any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this title as a voluntary bankrupt."

■ No doubt the word "person" as used in the above quoted provision is not meant to refer to natural persons alone, but also includes artificial or juridical persons, such as corporations and other moneyed, business or commercial enterprises enjoying the status of a juridical entity under the laws of the State or political subdivision within which the bankruptcy court, called upon to pass on the petition, has its seat.

■ It is a very well settled question, on which citation of authorities would be superfluous, that the Estate of a deceased individual is not an artificial or juridical person under the laws of the Commonwealth of Puerto Rico.

■ Therefore, the Estate of Anselmo Falero Mulero, petitioner herein, who has appeared in these proceedings, purporting to be an artificial or juridical person, has no standing before this court to become a voluntary bankrupt under Title 11 U.S.C.A. § 22, sub. a, as a person entitled to the benefits of the act as a voluntary bankrupt.

Although four natural persons sign and are named in the petition, these have not appeared individually, as such, nor are asking anything for them, in their own personal behalf, but have exclusively appeared in a collective form, as components of the petitioning estate and in behalf thereof, on the erroneous assumption that it has the status of an artificial or juridical person.

In Adams v. Terrell, C.C., 4 F. 796, the court, at page 801, held as follows:

"Whatever power the bankrupt court possesses over the subject of bankruptcies it derives exclusively from the bankrupt act. Power not conferred by that act it does not possess. We look in vain through its sections to find any authority conferred to put the estate of a deceased person into bankruptcy. The twofold purpose which the bankrupt act has in view, viz., the equal and just distribution of the bankrupt's estate among his creditors, and the discharge of the bankrupt from his debts, does not require the application of the law to the estate of the deceased person. The laws of the states provide for an equitable and just distribution of the decedent's estate, and death has already discharged him of all personal liability. The bankrupt law could, in the case of a deceased person, accomplish nothing not already accomplished without it.

"While there is no direct authority given by the bankrupt act over the estates of deceased persons, the implication from what is expressed is strongly against such a jurisdiction. Section 12 of the act (Rev.St. 5090) declares, if the debtor dies

after the issuing of the warrant, the proceedings may be continued and concluded in like manner as if he had lived; that is, the estate of a deceased may be administered after his death if the court has acquired jurisdiction over it in his lifetime.

"This excludes the idea that such jurisdiction is conferred unless it is acquired during the life-time of the bankrupt. It has, therefore, been held that if the debtor, in a case of involuntary bankruptcy, dies after the issuing of the order to show cause and before the trial, the proceedings abate, they being analogous to actions at law for torts which abate on the death of the party. McDonald, 8 B.R. 237."

In Re Fackelman, D.C., 248 F. 565, followed the holding of Adams v. Terrell, supra, the Court stating, at pages 567 and 568:

"Pomeroy, who retained ownership and control of the business, died some weeks thereafter. After his decease, as to his estate, *no proceedings in bankruptcy* could be had, and the creditors labored under the necessity of submitting to the jurisdiction and judgments of the probate court. Collier on Bankruptcy (11th Ed.) pp. 146, 147, 175." (Emphasis supplied.)

See to the same effect In re Morgan, D.C., 26 F.2d 90.

It follows that the order of adjudication was improvidently entered because petitioner has no standing under the bankruptcy act to become a voluntary bankrupt and this court has no jurisdiction to entertain said petition.

Therefore, the motion to dismiss filed by San Miguel Fertilizer Corporation must be granted; the order of adjudication entered by this Court on April 4, 1956, must be vacated and set aside, and the petition of the Estate of Anselmo Falero Mulero, petitioner herein, to be declared a voluntary bankrupt must be dismissed.

It is so ordered.