240 F.Supp. 504 (1965)
In the Matter of the ESTATE of Henry George HILLER, also known as Henry Hiller, and also known as Henry G. Hiller, Deceased, a Bankrupt.
No. 37037.
United States District Court N. D. California, N. D.
April 14, 1965.
Marouk & Quinn, Eureka, Cal., for petitioner.
Thomas McCampbell, Chico, Cal., and Blade & Farmer, Oroville, Cal., for respondent.
HALBERT, District Judge.
On February 2, 1965, petitioner, as the administrator of the estate of a deceased farmer, filed a voluntary petition in bankruptcy on behalf of the estate, and the estate was adjudicated a bankrupt. On February 8, 1965, before the date set for the first meeting of creditors, one of the creditors moved to dismiss the proceedings upon the ground that neither the petitioner, as the personal representative of the estate of a deceased person, nor the estate itself is a person entitled, under § 4 of the Bankruptcy Act (Title 11 U.S.C. § 22), to the benefits of the Bankruptcy Act. On March 1, 1965, the Referee granted the motion and entered his order vacating the adjudication of bankruptcy and dismissing the proceedings. By his petition for review pursuant to § 39, sub. c of the Bankruptcy Act (Title 11 U.S.C. § 67, subd. c), petitioner seeks reversal of that order.
The purposes of bankruptcy are two-fold: (1) to enable the debtor to get a fresh start in his financial affairs by relieving him of the burden of his unpaid debts; and (2) to provide for an equitable distribution of the debtor's assets among his creditors (1 Remington on Bankrutpcy, § 17, pp. 34-38, and cases cited therein; and Cowans Bankruptcy Law and Practice, § 1, p. 1). Such purposes do not require the application of bankruptcy proceedings to estates of deceased persons (Adams v. Terrell, 4 F. 796, 801). Accordingly, the estate of a deceased person may not file a voluntary petition in bankruptcy (In re Morgan, 1 Cir., 26 F.2d 90; In re Fackelman, 248 F. 565; Adams v. Terrell, supra; In re Mulero's Estate, D.C., 143 F.Supp. 504; see also 1 Collier on Bankruptcy (14th Ed.) § 4.07, p. 603; Cowans Bankruptcy Law and Practice, § 48, pp. 22-23; 8 C. J.S. Bankruptcy § 49, p. 711; and White *505 v. Cormier, 311 Mass. 537, 42 N.E.2d 256).[1]
It is, therefore, ordered that the Referee's order vacating the adjudication of bankruptcy and dismissing the proceedings be, and the same is, hereby affirmed;
And it is further ordered that petitioner's petition for review of said order be, and the same is, hereby dismissed.
NOTES
[1] While under the terms of the Frazier-Lemke Farm-Mortgage Act (§ 75 of the Bankruptcy Act [Title 11 U.S.C. § 203] and General Order 50 following Title 11 U.S.C. § 53) the personal representative of a deceased farmer was permitted to file for relief, no attempt was made to file the instant petition under the provisions of that Act, which is, in fact, no longer operative (See § 75, sub. c of the Bankruptcy Act [Title 11 U.S.C. § 203, sub. c]).