Gershengorn, J.
This suit is the latest in a series of lawsuits arising out of a 1985 motorvehicle collision between plaintiff Mary A. Paiva (“Paiva”) and Raymond MacMillan (“MacMillan”), now deceased. As detailed below, all prior suits have been dismissed for one reason or another, and this suit is plaintiffs latest attempt at recovery. Defendant H. Crowell Freeman (“Freeman”), the Administrator of MacMillan’s estate, seeks summary judgment on statute of limitations grounds. The Court held a hearing on July 10, 1995, and, for the reasons discussed below, allows defendant’s Motion for Summary Judgment.[1]
BACKGROUND
Paiva and MacMillan were involved in a motor vehicle collision on January 25, 1985. MacMillan died on January 4, 1986. Paiva first filed suit on January 23, 1986, naming MacMillan as the defendant (Mid-dlesex Superior Court, No. 86-501). Recognizing that suit cannot be maintained against a deceased person as the named defendant, the Court dismissed that action on July 13, 1987.
On May 8, 1987, Paiva had commenced a second suit in connection with the collision (Middlesex Supe *80 rior Court, No. 87-2692). There, Paiva sued MacMillan’s wife Blanche, as Executrix of her husband’s will. Because Blanche MacMillan was not in fact the Executrix of her husband’s estate, the Court dismissed that action on June 21, 1991.
Meanwhile on May 22, 1991, Paiva petitioned the Middlesex County Probate and Family Court to have MacMillan’s will admitted to probate, and to have an administrator appointed for his estate. The Probate and Family Court sent out the proper notice, and on August 31, 1993, Freeman accepted appointment as Administrator of MacMillan’s estate, with personal surety. The Court approved Freeman’s appointment on September 21, 1993.
On August 27 1993, Paiva filed the instant action (Middlesex Superior Court, No. 93-4677) against Freeman, as Administrator. Paiva served Freeman on August 27, 1993. On June 2, 1994, the Court remanded the case to the Malden District Court. Because Paiva had sued Freeman before he had given bond, the District Court dismissed the suit. Paiva sought review in the Superior Court.
DISCUSSION
I. Legal Standard.
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17.
II. Statute of Limitations
Despite what occurred in any of the prior lawsuits or in the District Court, the issue before this Court, as framed by the parties, is whether Paiva’s claim against Freeman is barred on statute of limitations grounds. Paiva contends that it is not; Freeman disagrees.
A would-be creditor cannot recover against an administrator unless both commencement of the suit and service of process occur within one year of the decedent’s death. G.L.c. 197, §9. However, even if a plaintiff is barred from recovering against an administrator (i.e., the assets of the estate) via §9, he or she is not without a remedy. A potential creditor may still sue the administrator (beyond a year after the decedent’s death), provided suit is commenced within three years after the cause of action accrued and any judgment may only be satisfied from the proceeds of an insurance policy or bond, and not from the general assets of the estate. G.L.c 197, §9A.[2]
The collision occurred on January 25, 1985. Accordingly, barring any interruption, the statute of limitations expired on January 25, 1986 as to any administrator, and on January 25, 1988 as to any outstanding insurance policy or bond.
Paiva contends however, that because an administrator was not appointed until 1993, suit is not barred under §9A to recover against MacMillan’s insurer, despite the three-year statute. She claims that her cause of action did not, and could not “accrue” within the meaning of §9A until an administrator was appointed. In essence, Paiva contends that the three-year statute of limitations in §9A was tolled until an administrator was appointed (in this case, more than eight years after the collision). The Court disagrees.
In those situations where a person dies and no kindred seek or obtain appointment as administrator of the decedent’s estate, a creditor can apply for appointment. G.L.c. 193, §1, third. “A person with a claim for personal injuries against a decedent who dies and whose kindred fail to apply is a ‘creditor’ for the purposes of making application for appointment as administrator.” Ganem v. LeBrun, 1995 Mass.App.Div. 19, 20. White v. Cormier, 311 Mass. 537, 539 (1942); Gordon v. Shea, 300 Mass. 95, 99 (1938).
As outlined above, despite the absence of an administrator, Paiva was not without a remedy. She had claim against the decedent and thus qualified as a creditor within the meaning of G.L.c. 193, §1, third. Paiva could have sought appointment as administrator and prosecuted her claim. She failed to do so. Her suit is therefore barred as untimely.
Alternatively, recognizing that her claim against MacMillan’s estate is barred by §9, Paiva seeks to rely on “justice and equity” under G.L.c. 197, §10 to prosecute her claim against MacMillan’s insurer. The Court however, having reviewed the requirements for relief under §10, concludes that Paiva is not entitled to relief thereunder.
ORDER
For the foregoing reasons, defendant’s Motion for Summaiy Judgment is ALLOWED.

As a preliminary matter, the Court notes that counsel for plaintiff, William H. Shaughnessy, did not attend the hearing on defendant’s Motion for Summaiy Judgment, nor did he seek a continuance or otherwise notify the Court that he would be unable to attend the hearing. Accordingly, the Court held the hearing in his absence, on the record. Mr. Shaughnessy did file a written opposition to defendant’s motion, and the court has fully considered the arguments contained therein.

On December 21, 1993, the Legislature approved the addition of a second paragraph to §9A, which provides: “If an executor or administrator has not been appointed, then an action allowed under this section may be maintained without such appointment, and shall be maintained naming the decedent as the defendant. In such event any service of process that may be necessary shall be made upon the entity providing the insurance or bond.” St. 1993, c. 319.
Although not relevant to the instant case, it is likely that had this provision been in existence at the very beginning of this litigation, it would have averted the subsequent morass.